NUMBER 13-03-110-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

DAVID LEE GREEN,                                                           Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
___________________________________________________________________

On appeal from the 329th District Court
of Wharton County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Rodriguez

         Appellant, David Lee Green, was tried and convicted of aggravated assault of
a peace officer and aggravated robbery. The jury sentenced appellant to thirty years
imprisonment for each crime, to be served concurrently. By two issues, appellant
contends that the evidence is legally and factually insufficient to support findings that
he (1) caused serious bodily injury to a police officer and (2) used a deadly weapon. 
The trial court has certified that this “is not a plea-bargain case, and the defendant has
the right of appeal.” See Tex. R. App. P. 25.2(a)(2). We affirm.
I. FACTS
         As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court’s
decision and the basic reasons for it. See Tex. R. App. P. 47.4.
II. SERIOUS BODILY INJURY
         By his first issue, appellant challenges the legal and factual sufficiency of the
evidence to support the jury’s finding that he caused serious bodily injury to Lieutenant
Terry Stanphill.
A. Standard of Review
1. Legal Sufficiency
         In a legal sufficiency review, this Court must examine the evidence presented
in the light most favorable to the verdict and determine whether any rational trier of
fact could have found the essential elements of the offense present beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Young v. State,
14 S.W.3d 748, 753 (Tex. Crim. App. 2000). In making this determination, the
reviewing court considers all the evidence admitted that will sustain the conviction,
including improperly admitted evidence. Conner v. State, 67 S.W.3d 192, 197 (Tex.
Crim. App. 2001). Questions concerning the credibility of witnesses and the weight
to be given their testimony are to be resolved by the trier of fact. Mosley v. State,
983 S.W.2d 249, 254 (Tex. Crim. App. 1998). Evidence is not rendered insufficient
when conflicting evidence is introduced. Matchett v. State, 941 S.W.2d 922, 936
(Tex. Crim. App. 1996). The reviewing court must assume that the fact finder
resolved conflicts, including conflicting inferences, in favor of the verdict, and must
defer to that resolution. Id.
         On appeal, we measure the legal sufficiency of the evidence in a jury trial by the
elements of the offense as defined by a hypothetically correct jury charge for the case. 
See Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); Poindexter v.
State, 115 S.W.3d 295, 298 (Tex. App.–Corpus Christi 2003, pet. denied). This
hypothetically correct jury charge would set out the law, be authorized by the
indictment, not necessarily increase the State's burden of proof or necessarily restrict
the State's theories of liability, and adequately describe the particular offense for
which the defendant was tried. Malik, 953 S.W.2d at 240; see Curry v. State, 30
S.W.3d 394, 404 (Tex. Crim. App. 2000). 
2. Factual Sufficiency
         We also measure the factual sufficiency of the evidence by the elements of the
offense as defined by a hypothetically correct jury charge for the case. See Adi v.
State, 94 S.W.3d 124, 131 (Tex. App.–Corpus Christi 2002, pet. ref'd) (discussing
application of “hypothetically correct jury charge” analytical construct in context of
factual sufficiency review in case tried to jury). In reviewing the factual sufficiency
of the elements of the offense on which the State carries the burden of proof, we
impartially examine all of the evidence and set aside the verdict only if “proof of guilt
is so obviously weak as to undermine confidence in the jury’s determination, or the
proof of guilt, although adequate if taken alone, is greatly outweighed by the contrary
proof.” Swearingen v. State, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003) (citing
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000)). We are also required to
accord due deference to the jury's determinations on the weight and credibility of the
evidence and may not merely substitute our own judgment. Swearingen, 101 S.W.3d
at 97; Johnson, 23 S.W.3d at 7; see Mosley v. State, 983 S.W.2d at 254 (questions
concerning credibility of witnesses and weight given their testimony are resolved by
trier of fact).B. Applicable Law
         A person commits aggravated assault if that person “causes serious bodily
injury” or “uses or exhibits a deadly weapon” while assaulting another person. Tex.
Pen. Code Ann. § 22.02(a) (Vernon Supp. 2004). “Serious bodily injury” is bodily
injury that “creates a substantial risk of death or that causes death, serious permanent
disfigurement, or protracted loss or impairment of the function of any bodily member
or organ.” Id. § 1.07(a)(46); see Brown v. State, 605 S.W.2d 572, 575 (Tex. Crim.
App. 1980).
C. Legal Sufficiency Analysis
         Appellant contends that the evidence is legally insufficient to establish that he
caused Lieutenant Stanphill serious bodily injury. However, a review of the record
shows otherwise. At trial, Lieutenant Stanphill testified that he was informed by his
treating physician that he must have the leg injured by appellant either surgically
repaired or wear a brace for the rest of his life. When cross-examined by appellant’s
counsel, the physician testified that even after surgery, Lieutenant Stanphill could only
expect up to ninety-five percent of his pre-injury functionality. The record shows that
Lieutenant Stanphill was on crutches for roughly eight weeks after the operation and
was required to undergo physical rehabilitation of the knee. Lieutenant Stanphill
testified that during that time, he had no use of the injured leg and was unable to put
any weight on it. 
         Reviewing the evidence in the light most favorable to the verdict, see Jackson,
443 U.S. at 319, we conclude that the jury could have found beyond a reasonable
doubt that appellant caused a protracted loss or impairment of the function of a bodily
member and therefore caused serious bodily injury. See Brown, 605 S.W.2d at 575
(finding defendant committed aggravated assault where evidence showed victim’s
disfiguration and impairment was permanent unless medical attention was sought);
Webb v. State, 801 S.W.2d 529, 533 (Tex. Crim App. 1990) (requiring evidence that
the complainant’s injury, without surgery, would have caused permanent disfigurement
or protected loss or impairment of function of any bodily member or organ in order to
find aggravated assault). Therefore, the evidence is legally sufficient to sustain the
conviction for aggravated assault.
D. Factual Sufficiency Analysis
         Furthermore, based on the evidence presented above, we conclude the proof of
guilt is not so obviously weak as to undermine confidence in the jury’s determination,
nor is there contrary proof that would greatly outweigh the jury’s verdict. See 
Swearingen, 101 S.W.3d at 97. The record is devoid of any evidence contradicting
the treating physician’s testimony. We also find no evidence which would discredit
the physician’s testimony or qualifications. The evidence is therefore factually
sufficient to uphold the verdict. Appellant’s first issue is overruled. 
         Because of our disposition of appellant’s first issue, we need not address
appellant’s remaining issue. See Tex. R. App. P. 47.1.III. CONCLUSIONAccordingly, the judgment of the trial court is affirmed.                                                            
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 
filed this 1st day of July, 2004.