NUMBER 13-03-117-CR
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
MARCIAL RODRIGUEZ, JR.,                                                       Appellant,
v.
THE STATE OF TEXAS,                                                                Appellee.



On appeal from the 36th District Court
of San Patricio County, Texas.




M E M O R A N D U M O P I N I O N
Before Chief Justice Valdez and Justices Hinojosa and Castillo

Memorandum Opinion by Chief Justice Valdez
         A jury found appellant, Marcial Rodriguez, Jr., guilty of aggravated sexual
assault. The trial court sentenced appellant to twenty years imprisonment in the Texas
Department of Criminal Justice, Institutional Division. On appeal, appellant contends
the evidence was factually insufficient to prove him guilty. We affirm. 
I. FACTS
         At trial, the victim’s mother, Mary Linda Sierra, testified she and the victim, who
was twelve years old at the time, went to spend the weekend of July 7-8, 2001 with
Sierra’s sister, Sandra Kay Acosta. Appellant was living with Acosta at the time. At
about midnight on July 8, Sierra took the victim to an empty bedroom in the home to
sleep. Sierra went to sleep around 2:30 a.m. 
         At about 5:00 a.m., the victim knocked on Sierra’s door. She was scared,
shaking, and upset. The victim asked Sierra to tell appellant to leave her alone. The
victim also told Sierra she did not think she was a virgin any longer. Acosta
confronted appellant, but he denied any wrongdoing. The victim, Sierra, and two
others left the house and went to the victim’s grandmother’s house, where they
contacted the police. 
         The victim, thirteen at the time of the trial, testified she was awakened by
appellant the night of the incident. He pulled her shorts down, got on top of her, and
spread her legs. He then repeatedly tried to penetrate her sexual organ with his sexual
organ. The victim testified she struggled and asked appellant to stop, but he told her
to let him finish. Although she could not see appellant during the attack because the
room was dark, she knew it was appellant by his voice. After the incident, appellant
told the victim to not tell Acosta or Sierra what happened. The victim ran to the
bathroom, then went to Sierra’s room. As she was banging on Sierra’s door, she saw
appellant running toward Acosta’s room. 
         Police officer Ernest Solis, Jr. said he received a call to a residence. When he
arrived, he met Sierra and the victim. The victim was crying and walked as if she was
sore. She complained of pain. 
         Sierra took the victim to Driscoll Children’s Hospital, where she was examined
by sexual assault nurse examiner Carol McLaughlin. McLaughlin testified the victim
told McLaughlin appellant removed the victim’s underwear and inserted his sexual
organ into her sexual organ. McLaughlin examined the victim and found no external
injuries. During her examination of the victim’s genitals, McLaughlin found some
trauma: a one by one-half centimeter area of abrasion on the victim’s sexual organ. 
McLaughlin testified this injury is consistent with a male sexual organ scraping against
that area but could not conclusively state that a male sexual organ caused the
abrasions. McLaughlin stated this type of injury could cause discomfort to the victim
when she walked. McLaughlin completed a rape kit, which was submitted to the
Texas Department of Public Safety Crime Laboratory for testing. 
         Solis and another officer went to appellant’s home and collected the bedding,
appellant’s clothing, and some tissue paper. These items also were sent to the crime
laboratory for testing. 
         Lisa Harmon Baylor, who is employed by the crime laboratory, testified she
found no semen on the specimens in the rape kit. She found no semen on the
bedding. She found DNA profiles on appellant’s shorts and the tissue, but they did not
match the victim’s DNA profile. 
         Appellant testified on his behalf and denied having any sexual contact with the
victim. Dr. Lloyd White, the Nueces County Medical Examiner, also testified for
appellant. Dr. White reviewed the medical records in the victim’s case but did not
examine the victim. Although the injuries noted by McLaughlin during the examination
of the victim could have been caused by sexual trauma, Dr. White testified they also
could have been caused by disease, skin conditions, or trauma from another source. 

II. FACTUAL SUFFICIENCY
         Appellant contends the evidence is factually insufficient to support the
conviction. He emphasizes the lack of injuries to the victim’s external body, the
absence of trauma to portions of the victim’s sexual organ, and testimony the injuries
found on the victim’s sexual organ could have been caused by something other than
a sexual assault. Appellant also directs our attention to his own testimony negating
the crime. He also emphasizes the lack of forensic evidence substantiating the
victim’s allegations. 
A. Standard of Review
         In reviewing the factual sufficiency of the evidence, we impartially examine all
of the evidence and set aside the verdict only if "the proof of guilt is so obviously
weak as to undermine confidence in the jury's determination, or the proof of guilt,
although adequate if taken alone, is greatly outweighed by the contrary proof." 
Swearingen v. State, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003). We also are
required to accord due deference to the jury's determinations on the weight and
credibility of the evidence. Id.
         We measure the factual sufficiency of the evidence by the elements of the
offense as defined by a hypothetically correct jury charge for the case. Adi v. State,
94 S.W.3d 124, 131 (Tex. App.–Corpus Christi 2002, pet. ref'd). This hypothetically
correct jury charge sets out the law, is authorized by the indictment, does not
unnecessarily increase the State's burden of proof or unnecessarily restrict the State's
theories of liability, and adequately describes the particular offense for which the
defendant was tried. Id. at 130 (citing Malik v. State, 953 S.W.2d 234, 240 (Tex.
Crim. App. 1997)). The statute under which appellant was convicted states, in
relevant part, a person commits aggravated sexual assault if he intentionally or
knowingly causes the sexual organ of a child to contact or penetrate the sexual organ
of another person, including the actor, and the child is less than fourteen years old. 
See Tex. Pen. Code Ann. § 22.021(a)(1)(B)(iii), (2)(B).



B. Analysis
         Although appellant denied the assault and contends the lack of forensic
evidence supports his testimony, the victim’s testimony contradicted the appellant’s
testimony. The victim’s account was corroborated in part by the medical evidence and
Sierra’s testimony. While both Dr. White and McLaughlin stated other causes could
have resulted in the abrasions to the victim’s sexual organ, they also testified the
cause of the trauma could have been sexual assault. Although appellant emphasizes
the portion of the victim’s testimony that she could not see her assailant, the victim
testified she recognized his voice, knew the voice belonged to appellant, and saw
appellant going toward Acosta’s room shortly after the incident. Moreover, when she
spoke to her mother shortly after the incident, she identified appellant by name. 
         Considering all of the evidence and giving due deference to the jury and its
determinations on the weight and credibility of the evidence, we cannot conclude that
the proof of guilt was so obviously weak as to undermine confidence in the jury’s
verdict, or that the proof of guilt, although adequate if taken alone, was greatly
outweighed by the contrary proof. Accordingly, we find the evidence was factually
sufficient to support the conviction. III. CONCLUSION
         We overrule appellant’s sole issue on appeal and affirm the judgment of the trial
court.
                                                                  
  
                                                                                                                   
                                                                        Rogelio Valdez,
                                                                        Chief Justice


Do not publish.
Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed
this 19th day of August, 2004.