NUMBER 13-03-418-CR
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
MERLIN SIMMONS, III                                                                  Appellant,
v.
THE STATE OF TEXAS,                                                                Appellee.



On appeal from the 117th District Court
of Nueces County, Texas.




M E M O R A N D U M O P I N I O N

Before Chief Justice Valdez and Justices Hinojosa and Castillo

 Memorandum Opinion by Chief Justice Valdez
          After a jury trial, appellant, Merlin Simmons, III, was convicted of sexual assault. 
The jury assessed punishment at seven years in the Texas Department of Criminal Justice,
Institutional Division and an $8,000 fine. In one issue, appellant contends that the
evidence was factually insufficient to support his conviction. We disagree and affirm the
judgment of the trial court.                                 
I. FACTUAL AND PROCEDURAL BACKGROUND
          On February 13, 2003, appellant and his friend, William Jared Knight, were jointly
indicted for aggravated kidnapping. Appellant was also individually indicted for sexual
assault. These charges arose from an incident that occurred on February 1, 2001, when
the victim was found unconscious and half-naked at appellant’s apartment after leaving the
“Y2K” night club in Corpus Christi, Texas. 
          As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite additional facts here except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See Tex. R. App. P. 47.4.  
II. FACTUAL SUFFICIENCY
          By his sole issue on appeal, appellant contends the evidence was factually
insufficient to prove appellant guilty of sexual assault beyond a reasonable doubt.
Specifically, appellant asserts the State’s evidence fails to prove that sexual intercourse
occurred without the victim’s consent. Appellant emphasizes the State’s evidence showing
no injuries or trauma to the victim’s body surface, genitalia, or other private areas, and
appellant’s own testimony that the victim consented to sexual intercourse.
A. Standard of Review
          In evaluating the factual sufficiency of the evidence, we determine whether a neutral
review of all the evidence demonstrates that the fact finder was rationally justified in finding
guilt beyond a reasonable doubt. Zuniga v. State, No. 539-02, 2004 Tex. Crim. App.
LEXIS 688, at *20 (Tex. Crim. App. Apr. 21, 2004). We reverse a judgment of conviction
only if: (1) proof of guilt is so obviously weak as to undermine confidence in the fact finder’s
determination; or (2) proof of guilt, although adequate if taken alone, is greatly outweighed
by contrary proof. Swearingen v. State, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003). Due
deference must be accorded to the trier of fact’s determinations on the weight and
credibility of the evidence, and we may not merely substitute our own judgment. Id.;
Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000).     The evidence is measured
against the elements of the offense as defined by a hypothetically correct jury charge for
the case. Wheaton v. State, 129 S.W.3d 267, 272 (Tex. App.–Corpus Christi 2002, no
pet.); Adi v. State, 94 S.W.3d 124, 131 (Tex. App.–Corpus Christi 2002, pet. ref’d); cf.
Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). “Such a charge would be one
that accurately sets out the law, is authorized by the indictment, does not unnecessarily
increase the State’s burden of proof or unnecessarily restrict the State’s theories of liability,
and adequately describes the particular offense for which the defendant was tried.” Malik,
953 S.W.2d at 240. The statute under which appellant was convicted states that a person
is guilty of sexual assault where the state proves he intentionally or knowingly caused the
penetration of the anus or female sexual organ of another person by any means, without
that person’s consent. Tex. Pen. Code Ann. § 22.011(a)(1)(A).


 An act occurs without
consent where the other person has not consented, or the actor knows the other person
is unconscious or physically unable to resist. Id. at § 22.011(b)(3). 
B. Analysis
           Appellant testified he engaged in sexual intercourse with the victim in the backseat
of his vehicle outside the nightclub. However, he testified that this intercourse occurred
with the victim’s consent, before she became unconscious. Appellant further asserted he
did not engage in any additional sexual intercourse with the victim after leaving the
nightclub that evening. Moreover, appellant points out police officer Nancy Lee’s inability
at trial to identify appellant in a picture as the person she saw wearing no shirt coming from
the bedroom where the victim was found.  
          The victim’s testimony contradicts that of the appellant. The victim testified she
never consented to sexual intercourse with appellant at any point throughout the evening
before she lost consciousness. She also testified that she never left the club to go outside 
with appellant or anyone else. The victim’s unconscious, incoherent state during the night
was corroborated by the four women who accompanied the victim on the night of the
incident, two police officers who found her in appellant’s apartment, two paramedics who
treated her, the nurse who examined her, and appellant himself.


 
          The State also presented witnesses who testified the victim was not in a position to
consent to sexual intercourse after leaving the nightclub. In addition, the victim was in the
same unconscious, incoherent condition when she was found face-down and naked from
the waist down on the bed in appellant’s apartment. A paramedic testified the victim had
wet hair and appeared to have showered, but thought it unlikely in her condition she would
have been able to shower herself. Although appellant stated he left with the victim in his
vehicle, appellant did not call police, return the victim to her friends, or take her to the
hospital. Finally, the State presented DNA test results from the vaginal swabs collected
during the victim’s sexual assault examination that were substantially conclusive evidence
that the semen found inside the victim’s vagina came from appellant and excluded Knight
as the source of the semen.


 
          Appellant also points to the fact that both the nurse and a doctor who examined the
victim at the hospital found no injuries to her body surface or genitalia and determined that
whether a sexual assault had occurred was doubtful. However, the nurse also noted that
sixty-five to eighty percent of sexual assault cases do not involve vaginal trauma. 
Additionally, because of her intoxicated state, the victim was so relaxed that sex could
occur with a lessened chance of trauma. 
           Here, the testimony given at trial by both State and defense witnesses involves
several inconsistencies. However, it is the jury’s role to resolve conflicts in the testimony
and weigh evidence. See Clewis v. State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996). 
As such, the jury is free to accept or reject any or all of the testimony of any trial witness. 
Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Sharp v. State, 707 S.W.2d 611,
614 (Tex. Crim. App. 1986). It is apparent that the jury, presented with the issue of
whether sexual intercourse between appellant and the victim was consensual, found the
victim’s version of the story to be true. See Saxton v. State, 804 S.W.2d 910, 914 (Tex.
Crim. App. 1991). 
          After considering all of the evidence in a neutral light, we do not find that the proof
of guilt is so obviously weak as to undermine confidence in the verdict or that the proof of
guilt is greatly outweighed by contrary proof. Because we find the evidence factually
sufficient to support appellant’s conviction, we overrule appellant’s sole issue on appeal. 
III. CONCLUSION
          We conclude the evidence presented at trial was factually sufficient to support 
appellant’s conviction. As such, we affirm the judgment of the trial. 
          

                                                                                                                   
                                                                        Rogelio Valdez,
                                                                        Chief Justice
 Do not publish.
 Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed
this 27th day of August, 2004.