COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

___________________________________________________________________

 

                             NUMBER
13-04-146-CR

 

ARACELY GARZA CANTU,                                         Appellant,

 

                                           v.

 

THE STATE OF TEXAS,                                              Appellee.

___________________________________________________________________

 

                             NUMBER
13-04-148-CR

 

MANUEL REYNA CANTU,                                          Appellant,

 

                                           v.

 

THE STATE OF TEXAS,                                              Appellee.

___________________________________________________________________

 

                  On
appeal from the 105th District Court

                           of
Kleberg County, Texas.

__________________________________________________________________

 

                     MEMORANDUM
OPINION

 








       Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez

                      Memorandum
Opinion by Justice Rodriguez

 

Appellants,
Manuel Reyna Cantu and Aracely Garza Cantu, were tried before a jury and
convicted of money laundering.  See
Tex. Pen. Code Ann. ' 34.02 (Vernon 2003).  By two issues, appellants argue that the
evidence was both legally and factually insufficient to support their
convictions.  The trial court has
certified that these cases are not plea-bargain cases and the defendants have
the right of appeal.  See Tex. R. App. P. 25.2(a)(2).  We affirm. 


                                                              I.  BACKGROUND

As this is a
memorandum opinion and because all issues of law presented by these cases are
well settled and the parties are familiar with the facts, we will not recite
the law and the facts in this memorandum opinion except as necessary to advise
the parties of the Court's decision and the basic reasons for it.  See Tex.
R. App. P. 47.4.  Furthermore,
because the two companion cases arise from the same fact situation and present
the same issues for our review, they will be disposed of in a single opinion.

II.  ANALYSIS

A.  Legal Sufficiency

By their first issue, appellants argue that the evidence offered at
trial was legally insufficient to sustain their convictions.








In a legal sufficiency review, this Court must examine the evidence
presented in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the offense
present beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319 (1979); Young v. State, 14 S.W.3d
748, 753 (Tex. Crim. App. 2000).  In
making this determination, the reviewing court considers all the evidence
admitted that will sustain the conviction, including improperly admitted
evidence.  Conner v. State, 67
S.W.3d 192, 197 (Tex. Crim. App. 2001). 
Questions concerning the credibility of witnesses and the weight to be
given their testimony are to be resolved by the trier of fact.  Mosley v. State, 983 S.W.2d 249, 254
(Tex. Crim. App. 1998).

On appeal, we measure the legal sufficiency of the evidence in a jury
trial by the elements of the offense as defined by a hypothetically correct
jury charge for the case.  See Malik
v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  This hypothetically correct jury charge would
set out the law, be authorized by the indictment, not necessarily increase the
State's burden of proof or necessarily restrict the State's theories of
liability, and adequately describe the particular offense for which the
defendant was tried.  Id. at 240; see
Curry v. State, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000).  We must decide whether a rational trier of
fact could have found beyond a reasonable doubt that appellants knowingly
concealed, possessed, transferred, or transported the proceeds of criminal
activity.  See Tex. Pen. Code Ann. ' 34.02 (Vernon 2003).








Viewing the evidence in the light most favorable to the verdict, we
find that the direct and circumstantial evidence could have led a rational jury
to determine beyond a reasonable doubt that appellants did knowingly conceal,
possess, transfer or transport the proceeds of criminal activity.  At trial, Special Agent Edward Cruz testified
that $48,950 in cash was found hidden in the engine compartment of Mr. Cantu=s car.  Mrs. Cantu was a passenger in the car.  A videotape was admitted into evidence
containing conversations between appellants while sitting in the back seat of
the patrol car.  The statements made by
appellants on the videotape show that they both had knowledge that something
was hidden in the engine compartment. 
Additionally, the comments made by appellants indicate they knew their
actions were illegal.  A handwritten note
found in possession of appellants evidenced their knowledge that they were
transporting money.  We find this
evidence legally sufficient to establish the Aknowingly conceal, possess, transfer or transport@ element of money
laundering.








To establish the Aproceeds of criminal
activity@ element, Special
Agent Cruz testified that the money found in the car was bundled, rubber-banded
and vacuum-sealed in wrappers which is a common method used by drug traffickers
for transporting money.  Agent Cruz
additionally testified that several money wrappers tested positive for
amphetamines.  Special Agent Augustine
Olivarez testified that in his opinion, the money found was the proceeds of
criminal activity.  His reasons included
the location of the money within the car and the method by which the money was
concealed.  Special Agent Fidel Gonzales
also testified that based on his training and experience, the method by which
the money was wrapped was consistent with drug trafficking and illegal
smuggling.  We find this evidence legally
sufficient to establish the Aproceeds of criminal
activity@ element.

From this record we conclude the evidence is legally sufficient to
establish that appellants committed the offense of money laundering.  Appellants= first issue is overruled.

B.  Factual Sufficiency 

By their second issue, appellants contend that the evidence was
factually insufficient to support their conviction.








In reviewing the factual sufficiency of the elements of the offense on
which the State carries the burden of proof, we impartially examine all of the
evidence and set aside the verdict only if Aproof of guilt is so obviously weak as to
undermine confidence in the jury's determination, or the proof of guilt,
although adequate if taken alone, is greatly outweighed by the contrary proof.@  Swearingen v. State, 101 S.W.3d 89, 97
(Tex. Crim. App. 2003) (citing Johnson v. State, 23 S.W.3d 1, 11 (Tex.
Crim. App. 2000)).  We are not bound to
view the evidence in the light most favorable to the verdict, and may consider
the testimony of all the witnesses.  Johnson,
23 S.W.3d at 10‑12.  In our factual
sufficiency review, we are again required to accord due deference to the jury's
determinations on the weight and credibility of the evidence and may not merely
substitute our own judgment.  Swearingen,
101 S.W.3d at 97; Johnson, 23 S.W.3d at 7; Mosley, 983 S.W.2d at
254.  We also measure the factual
sufficiency of the evidence by the elements of the offense as defined by a
hypothetically correct jury charge for the case.  See Adi v. State, 94 S.W.3d 124, 131
(Tex. App.BCorpus Christi 2002,
pet. ref'd).

In light of the above evidence and lack of evidence to the contrary,
we conclude that the proof of guilt is not so obviously weak as to undermine
confidence in the jury's determination nor is the proof of guilt greatly
outweighed by contrary evidence.  See
Swearingen, 101 S.W.3d at 97. 
Accordingly, we conclude the evidence is also factually sufficient to
support the verdict.  Appellants= second issue is
overruled.

III.  CONCLUSION

Accordingly,
the judgments of the trial court are affirmed.                                                                                                    

 

NELDA
V. RODRIGUEZ

Justice

 

Do not
publish.

Tex.
R. App. P.
47.2(b).

 

Memorandum Opinion
delivered and 

filed this 14th day of
July, 2005.