**John ADI, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–99–420–CR.**

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Nov. 7, 2002.

Rehearing Overruled Jan. 6, 2003.

Discretionary Review Refused
March 19, 2003.

Jay Ted Karahan, Houston, for appellant.

John Adi, appellant pro se.

John B. Holmes, Jr., District Attorney, S. Elaine Roch, Assistant District Attorney, Houston, for appellee.

Before Justices DORSEY, RODRIGUEZ, and BAIRD.[1]

## OPINION

Opinion by Justice BAIRD (Assigned).

Appellant was charged by indictment with the offense of engaging in organized activity. TEX. PEN.CODE ANN. § 71.02(a)(1) (Vernon Supp.2002). The indictment alleged a prior felony conviction for the purpose of enhancing the range of punishment. A jury convicted appellant of the charged offense, found the enhancement allegation true, and assessed punishment at seventy years confinement in the Texas Department of Criminal Justice—Institutional Division, and a fine of $10,000. We affirm.

### I. Factual Summary.

This case involves an intricate plan of insurance fraud which operated as follows: An attorney would recruit individuals to feign injuries from staged automobile accidents. The attorney would then refer these individuals to a clinic for treatment. The clinic would falsify medical reports, and bills indicating these individuals had

---

1. Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998).

been treated for their injuries. These bills would be submitted by the attorney to insurance companies as a part of the demand for settlement. Upon settlement, the proceeds would be split between the individuals feigning injury, the attorney, and the clinic.

In the instant case, Kelly Liesman, a peace officer employed by the Texas Department of Insurance, was assigned to investigate this fraudulent scheme. Liesman met with an informant, and the two developed a sting operation whereby Liesman and two other officers fabricated an accident report, and met with attorney Reginald Ike.[2] Liesman told Ike that no accident had occurred. Nevertheless, Ike instructed Liesman to report to Bethsaida Medical Clinic for treatment of her nonexistent injuries. Appellant had an office at the clinic. Liesman made three visits to the clinic. She later met in Ike's office with Ike and appellant. At this meeting, appellant insisted that Liesman sign a sheet of paper reflecting additional fictitious visits. Liesman complied with this request. Ike subsequently made a demand of the insurance company, and received a settlement totaling $39,000. Liesman then again met with Ike for the purpose of distributing the funds. At this meeting, Ike wrote checks totaling $15,000 to Liesman and her two associates. Ike wrote another check for $6,000 to a company named Health South. Liesman assumed Ike kept the remaining $18,000. Liesman further testified that appellant did not attend this meeting and she did not know if appellant received any of the settlement proceeds.

Eric Flynn was the informant who worked with Liesman. Flynn was aware Liesman was a peace officer. Flynn had been one of the first to engage in this scheme to collect insurance proceeds. Flynn testified to numerous meetings where Ike, appellant, and six to twelve others had schemed to defraud insurance companies.

Mike Leonard, the complainant, was employed by Republic Western Insurance Company. Leonard testified that he set up a pretext insurance policy with Liesman for the purpose of detecting insurance fraud. As a result of the policy, Leonard issued the checks mentioned above to Ike as a part of the sting.

The indictment alleged, in pertinent part, that appellant did:

> with the intent to establish and maintain and participate in a combination and the profits of a combination of three or more persons who collaborate in carrying on criminal activities, said combination consisted of at least three persons, including the defendant, commit the offense of theft by ... appropriating and otherwise exercising control over property, namely checks, owned by Mike Leonard and the Republic Western Insurance Company of a value of over $20,000 and less than $100,000, pursuant to one scheme and continuing course of conduct, with the intent to deprive the owner of the checks without the effective consent of the owner.

## II. Standards of Appellate Review.

Appellant raises two points of error contending the evidence is legally and factually insufficient to support the conviction, respectively. Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal convic-

---

2. See *Ike v. State*, 998 S.W.2d 323, 324 (Tex. App.-Houston [1st Dist.] 1999, no pet.) (appeal dismissed due to defendant's disappearance while out on bond which constituted escape).

tion. *Jackson v. Virginia*, 443 U.S. 307, 315–16, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The appellate standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Id.* at 320, 99 S.Ct. 2781. The evidence is examined in the light most favorable to the fact-finder. *Id.* Sufficiency of the evidence is measured by the hypothetically correct jury charge, which accurately sets out the law, is authorized by the indictment, and does not unnecessarily increase the State's burden of proof. *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App.1997); *Cano v. State*, 3 S.W.3d 99, 105 (Tex.App.-Corpus Christi 1999, pet. ref'd). A successful legal sufficiency challenge will result in the rendition of an acquittal by the reviewing court. *Tibbs v. Florida*, 457 U.S. 31, 41–42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).

 We employ a different standard of appellate review when determining whether the evidence is factually sufficient to support the verdict. First, we assume the evidence is legally sufficient under the *Jackson* standard. *Clewis v. State*, 922 S.W.2d 126, 134 (Tex.Crim.App.1996). We then consider all of the record evidence, not just the evidence which supports the verdict. *Id.* We review the evidence weighed by the jury which tends to prove the existence of the fact in dispute, and compare it to the evidence which tends to disprove that fact. *Santellan v. State*, 939 S.W.2d 155, 164 (Tex.Crim.App.1997). We may disagree with the jury's determination, even if probative evidence exists which supports the verdict. *Clewis*, 922 S.W.2d at 133. However, our evaluation should not substantially intrude upon the jury's role as the sole judge of the weight and credibility of witness testimony. *Santellan*, 939 S.W.2d at 164. We set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex.Crim.App.2000) (quoting *Clewis*, 922 S.W.2d at 129). This occurs when "the proof of guilt is so obviously weak as to undermine confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof." *Johnson* 23 S.W.3d at 11.

### III. The Substantive Offense and Arguments.

 The elements of engaging in organized criminal activity are: (1) a person; (2) with intent to establish, maintain, or participate in a combination; (3) commits or conspires to commit; (4) an enumerated offense. TEX. PEN.CODE ANN. § 71.02(a)(1) (Vernon Supp.2002); *Mast v. State*, 8 S.W.3d 366, 369 (Tex.App.-El Paso 1999, no pet.).[3] Appellant argues the indictment alleged he *committed* the offense of theft. And because the jury was not permitted to convict appellant under the law of parties, the State was obliged to prove that appellant *personally* acquired or exercised control over the checks issued by Leonard. The State does not directly address appellant's argument. Instead, the State argues the indictment alleged appellant *conspired* to commit the offense of theft. It contends the evidence is, therefore, sufficient because it shows appellant and another member of the combination performed an act in furtherance of that conspiracy. We will begin with the State's argument.

---

**3.** "Combination" means three or more persons who collaborate in carrying on criminal activities. TEX. PEN.CODE ANN. § 71.01 (Vernon Supp.2002). The phrase "collaborate in carrying on criminal activities" implies continuity—something more than a single, *ad hoc* effort. *Nguyen v. State,* 1 S.W.3d 694, 697 (Tex.Crim.App.1999).

## A. The State's Argument.

 One of the most fundamental tenets in our criminal justice system is that a defendant may be tried only for the offense alleged in the charging instrument. *Abdnor v. State*, 871 S.W.2d 726, 738 (Tex. Crim.App.1994). Consistent with this principle, our law provides that where the charging instrument facially charges a complete offense, the State is held to the offense charged, regardless of whether the State intended to charge that offense. *Thomason v. State*, 892 S.W.2d 8, 11 (Tex. Crim.App.1994) (citing *Fisher v. State*, 887 S.W.2d 49, 55, 57 (Tex.Crim.App.1994)). Neither the trial court nor an appellate court may enlarge upon that facially complete offense and permit the jury to convict or uphold that conviction on a basis or theory not alleged in the charging instrument. *Fella v. State*, 573 S.W.2d 548, 548 (Tex.Crim.App.1978).[4] To do so would violate due process. *McCormick v. United States*, 500 U.S. 257, 269–70 & 270 n. 8, 111 S.Ct. 1807, 114 L.Ed.2d 307 (1991); *Dunn v. United States*, 442 U.S. 100, 106, 99 S.Ct. 2190, 60 L.Ed.2d 743 (1979); *Cole v. Arkansas*, 333 U.S. 196, 201–02, 68 S.Ct. 514, 92 L.Ed. 644 (1948).

These fundamental principles were reaffirmed in *Rodriguez v. State*, where the defendant was charged with driving while intoxicated; the alleged intoxication was "by the reason of the introduction of alcohol into his body." *Rodriguez v. State*, 18 S.W.3d 228, 229 (Tex.Crim.App.2000). The evidence developed at trial showed the defendant was taking cold medication at the time of the alleged offense. *Id.* The trial judge permitted the jury to convict upon a finding the defendant was intoxicated by "alcohol, a drug, or a combination of both of those substances, into the body." *Id.* The Court of Criminal Appeals reversed, holding the trial judge erred in authorizing the jury to base a conviction on a theory of intoxication not alleged in the charging instrument. *Rodriguez*, 18 S.W.3d at 232.

 Therefore, when the penal statute provides multiple ways an offense may be committed, the charging instrument must allege every alternative means of commission upon which a conviction will be sought. *Gibbons v. State*, 652 S.W.2d 413, 415 (Tex.Crim.App.1983). As noted above, the offense of engaging in organized criminal activity may be established by either the actual commission of an enumerated offense or conspiring to commit such an offense. However, contrary to the State's assertion, the indictment did not allege conspiracy to commit the offense of theft—it alleged the actual *commission* of that offense. Therefore, we cannot uphold the conviction on a conspiracy basis. Accordingly, we reject the State's argument, and next turn to address the merits of

---

**4.** Recently, our sister court in Austin addressed this established rule of law:

> Early on it was stated:
>
> > The rule is universal ... that the [jury] charge must be limited to the allegations in the indictment. A jury would not be authorized to convict appellant of any other offense than that specifically charged, and the court should confine the consideration of the jury in the charge to the allegations contained in the indictment. *Emerson v. State*, 54 Tex.Crim. 628, 114 S.W. 834, 835 (1908); *see also Gooden v. State*, 140 Tex.

Crim. 347, 145 S.W.2d 177, 178 (1940). "It is fundamentally wrong to authorize a conviction on any state of facts other than those which support the finding of the truth of the indictment." *Moore v. State*, 84 Tex. Crim. 256, 206 S.W. 683, 684 (Tex.Crim. App.1918); *see also Dowden v. State*, 537 S.W.2d 5, 6 (Tex.Crim.App.1976). This is true even if no trial objection is made. See *Robinson v. State*, 553 S.W.2d 371, 374–75 (Tex.Crim.App.1977).

*Castillo v. State*, 7 S.W.3d 253, 258 (Tex.App.-Austin 1999, pet ref'd).

appellant's argument.[5]

## B. Appellant's Argument.

Prior to the charge being read to the jury, the State requested an instruction on the law of parties. The trial judge denied that request.[6] Appellant argues this ruling was correct because "[a] 'parties' theory is already included as an element of the offense of Engaging in Organized Criminal Activity." App. br. pg. 15. Appellant now argues that because the jury was not authorized to convict on a parties theory, the failure of the evidence to prove appellant *personally* acquired or otherwise exercised control over Leonard's checks renders the evidence insufficient. Appellant's argument raises two issues. First, is the law of parties applicable to the offense of engaging in organized activity. If not, appellant is correct that the evidence is insufficient. However, if the law of parties is applicable, but not included within the jury charge, how does an appellate court resolve a sufficiency challenge.

■ The first issue has been answered adversely to appellant. In *McIntosh v. State*, 52 S.W.3d 196 (Tex.Crim.App.2001), the defendant advanced the same argument that appellant now makes—that a parties charge would be inappropriate because the offense of engaging in organized criminal activity necessarily encompasses party liability. However, the *McIntosh* Court disagreed and held "party liability can support a conviction for engaging in organized criminal activity when the [enumerated] offense is alleged and proved as

*commission.*" *McIntosh*, 52 S.W.3d at 201 (emphasis added).[7] Because the instant offense was both alleged and proved as commission, we hold the trial judge erred in denying the State's requested instruction on the law of parties.

■ We now turn to the second issue and ask: since the law of parties was applicable but not included within the jury charge, how do we review appellant's sufficiency challenges. Under *Malik*, we determine the legal sufficiency of the evidence against a "hypothetically correct charge." *Id.* at 240. Such a charge accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is being tried. *Id.* The rule of *Malik* has been applied in cases dealing with the offense of engaging in organized criminal activity. *Gonzalez v. State*, 63 S.W.3d 865, 872–73 (Tex.App.-Houston [14th Dist.] 2001, pet. granted on other grounds) (*citing Nesbitt v. State*, 958 S.W.2d 952 (Tex. App.-Beaumont 1998, no pet.)); *Nguyen v. State*, 21 S.W.3d 609, 613 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd). In *Gonzalez, supra*, the court dealt with the identical issue presented here and held that a hypothetically correct charge would have included a parties instruction authorizing conviction if the jury found the defendant, acting as a party together with other members of the combination, committed the enumerated offense. *Id.*, 63 S.W.3d at 872–73.

---

**5.** We pause here to note that *Malik* has no place in the State's argument (and is not even cited by the State) because a "hypothetically correct charge" cannot authorize conviction on a theory not alleged in the indictment. *Malik v. State*, 953 S.W.2d 234, 238 n. 3 (Tex.Crim.App.1997). *See* part III, B, *infra* for more thorough discussion of *Malik* and its application to sufficiency challenges.

**6.** The trial judge did instruct the jury on the law of parties as it related to the lesser included offense of theft.

**7.** We pause to note that *McIntosh* was decided on June 27, 2001, which was after the briefs were filed in the instant case.

We too have held, albeit in a different context, that the law of parties may be considered when determining whether the evidence is legally sufficient. *Swartz v. State,* 61 S.W.3d 781, 785 (Tex.App.-Corpus Christi 2001, pet. ref'd). As we held earlier, the trial judge erred by not including a parties instruction in the instant case. Therefore, a hypothetically correct charge in the instant case would have authorized conviction on a parties theory of criminal liability. Accordingly, we hold the evidence is legally sufficient to support appellant's conviction. Therefore, the first point of error is overruled.

■ *Malik* has also been applied to factual sufficiency reviews. *Davy v. State,* 67 S.W.3d 382, 391 (Tex.App.-Waco 2001, no pet.) ("We conduct a factual sufficiency review by referencing a hypothetically correct jury charge."); *Phelps v. State,* 999 S.W.2d 512, 518 (Tex.App.-Eastland 1999, pet. ref'd); *Nesbitt,* 958 S.W.2d at 954; *Warren v. State,* 971 S.W.2d 656 (Tex. App.-Dallas 1998, no pet.); *Ramirez v. State,* 967 S.W.2d 919 (Tex.App.-Beaumont 1998, no pet.); *Planter v. State,* 976 S.W.2d 866, 868 (Tex.App.-Eastland 1998), *rev'd on other grounds,* 9 S.W.3d 156 (Tex. Crim.App. Dec.15, 1999).[8] When the *Malik* rationale is applied to the instant case, we cannot say the verdict is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Johnson,* 23 S.W.3d at 7. Accordingly, we hold the evidence factually sufficient to support appellant's conviction. Therefore, the second point of error is overruled.

The judgment of the trial court is affirmed.

---

8. Apparently, this is still an open question in the Court of Criminal Appeals. *Zubia v. State,* 998 S.W.2d 226, 227 n. 2 (Tex.Crim.App. 1999) (question of whether *Malik* should be extended to factual sufficiency grounds dismissed as improvidently granted).