NUMBER 13-03-365-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

TAMARA JEAN BROWN,                                                   Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
___________________________________________________________________

On appeal from the 24th District Court
of Victoria County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Rodriguez

      Appellant, Tamara Jean Brown, appeals from her conviction for possession of
cocaine. See Tex. Health & Safety Code Ann. § 481.115 (Vernon 2003). Following
a jury trial, appellant was sentenced to seven years imprisonment. The trial court has
certified that this “is not a plea-bargain case, and the defendant has the right of
appeal.” See Tex. R. App. P. 25.2(a)(2). By one point of error, appellant contends the
evidence is legally and factually insufficient to prove her guilt beyond a reasonable
doubt. We affirm.
I. FACTS
         As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See Tex. R. App. P. 47.4.
II. LEGAL SUFFICIENCY
         Appellant argues that the evidence is legally insufficient to support her
conviction. In a legal sufficiency review, this Court must examine the evidence
presented in the light most favorable to the verdict and determine whether any rational
trier of fact could have found the essential elements of the offense present beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Young v. State,
14 S.W.3d 748, 753 (Tex. Crim. App. 2000). In making this determination, the
reviewing court considers all the evidence admitted that will sustain the conviction,
including improperly admitted evidence. Conner v. State, 67 S.W.3d 192, 197 (Tex.
Crim. App. 2001). Questions concerning the credibility of witnesses and the weight
to be given their testimony are to be resolved by the trier of fact. Mosley v. State,
983 S.W.2d 249, 254 (Tex. Crim. App. 1998). A jury, “as the sole judge of the
weight and credibility of the evidence,” is free to accept or reject any evidence“ even
if that evidence was uncontradicted.” Wilkerson v. State, 881 S.W.2d 321, 324 (Tex.
Crim. App. 1994) (citing Vanderbilt v. State, 629 S.W.2d 709, 716 (Tex. Crim. App.
1981)). Evidence is not rendered insufficient when conflicting evidence is introduced. 
Matchett v. State, 941 S.W.2d 922, 936 (Tex. Crim. App. 1996). The reviewing
court must assume that the fact finder resolved conflicts, including conflicting
inferences, in favor of the verdict, and must defer to that resolution. Id.
         On appeal, we measure the legal sufficiency of the evidence in a jury trial by the
elements of the offense as defined by a hypothetically correct jury charge for the case. 
See Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); Poindexter v.
State, 115 S.W.3d 295, 298 (Tex. App.–Corpus Christi 2003, pet. denied). This
hypothetically correct jury charge would set out the law, be authorized by the
indictment, not necessarily increase the State's burden of proof or necessarily restrict
the State's theories of liability, and adequately describe the particular offense for
which the defendant was tried. Malik, 953 S.W.2d at 240; see Curry v. State, 30
S.W.3d 394, 404 (Tex. Crim. App. 2000). 
         Reviewing the evidence in the light most favorable to the verdict, see Jackson,
443 U.S. at 319, we conclude that the jury, acting as a rational trier of fact, could
have found beyond a reasonable doubt that appellant was in unlawful possession of
a controlled substance. We hold the evidence is legally sufficient to support
appellant’s conviction. 
 
III. FACTUAL SUFFICIENCY
         Appellant also argues that the evidence is factually insufficient to support her
conviction. In reviewing the factual sufficiency of the elements of the offense on
which the State carries the burden of proof, we impartially examine all of the evidence
and set aside the verdict only if “proof of guilt is so obviously weak as to undermine
confidence in the jury’s determination, or the proof of guilt, although adequate if taken
alone, is greatly outweighed by the contrary proof.” Swearingen v. State, 101 S.W.3d
89, 97 (Tex. Crim. App. 2003) (citing Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000)). We are not bound to view the evidence in the light most favorable to
the verdict, and may consider the testimony of all the witnesses. Johnson, 23 S.W.3d
at 10-12. In our factual sufficiency review, we are again required to accord due
deference to the jury's determinations on the weight and credibility of the evidence
and may not merely substitute our own judgment. Swearingen, 101 S.W.3d at 97;
Johnson, 23 S.W.3d at 7; Mosley, 983 S.W.2d at 254. We also measure the factual
sufficiency of the evidence by the elements of the offense as defined by a
hypothetically correct jury charge for the case. See Adi v. State, 94 S.W.3d 124, 131
(Tex. App.–Corpus Christi 2002, pet. ref'd). 
           After reviewing all the evidence, we conclude that the proof of guilt is not so
obviously weak as to undermine confidence in the jury’s determination nor is the proof
of guilt greatly outweighed by contrary evidence. See Swearingen, 101 S.W.3d at 97. 
We hold the evidence is factually sufficient to support appellant’s conviction. 
Appellant’s sole point of error is overruled.IV. CONCLUSIONAccordingly, the judgment of the trial court is affirmed.

                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed
this 22nd day of July, 2004.