NUMBER 13-03-106-CR
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
GUADALUPE OLIVAREZ,                                                            Appellant,
v.
THE STATE OF TEXAS,                                                                Appellee.



On appeal from the 105th District Court
of Kleberg County, Texas.




M E M O R A N D U M O P I N I O N

Before Chief Justice Valdez and Justices Hinojosa and Castillo

Memorandum Opinion by Chief Justice Valdez
 
         A jury found appellant, Guadalupe Olivarez, guilty of indecency with a child and
assessed punishment at five years of incarceration in the Texas Department of Criminal
Justice, Institutional Division. See Tex. Pen. Code Ann. § 21.11(a)(1) (Vernon 2003). 
The sentence was suspended, and appellant was placed on community supervision. 
Appellant raises the following two issues on appeal: (1) appellant’s trial counsel failed
to provide effective assistance, and (2) the evidence was factually insufficient to
sustain the conviction. We affirm. 
I. FACTS
         As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite the facts here except as necessary to advise the parties of the Court’s
decision and the basic reasons for it. See Tex. R. App. P. 47.4. 
II. ANALYSIS
A. Ineffective Assistance of Counsel
         In his first issue, appellant contends his trial counsel was ineffective for offering
into evidence three exhibits that merely duplicated and reinforced the testimony of the
victim and her mother. Specifically, appellant argues that defense counsel erred in
admitting into evidence: (1) the victim’s sworn written statement; (2) her mother’s
sworn written statement; and (3) a videotaped interview taken of the victim at Driscoll
Children’s Hospital. 
         Appellant establishes ineffective assistance of counsel by meeting the two-prong Strickland test established by the United States Supreme Court. See Strickland
v. Washington, 466 U.S. 668, 687 (1984); Tong v. State, 25 S.W.3d 707, 712 (Tex.
Crim. App. 2000). First appellant must show that his counsel’s representation fell
below an objective standard of reasonableness. Strickland, 466 U.S. at 688; Tong,
25 S.W.3d at 712. Second, appellant must show the deficient performance prejudiced
his defense. Strickland, 466 U.S. at 688; Tong, 25 S.W.3d at 712. Appellant must
prove both prongs by a preponderance of the evidence. Tong, 25 S.W.3d at 712. 
         “When handed the task of determining the validity of defendant’s claim of
ineffective assistance of counsel, any judicial review must be highly deferential to trial
counsel and avoid the deleterious effects of hindsight.” Thompson v. State, 9
S.W.3d 808, 813 (Tex. Crim. App. 1999). We engage in “a strong presumption” that
counsel’s actions fell within the range of reasonably professional assistance. 
Strickland, 466 U.S. at 689; Tong, 25 S.W.3d at 712. Thus, appellant must
overcome the presumption that, under the circumstances, the challenged action might
be considered sound trial strategy. Rylander v. State, 101 S.W.3d 107, 110 (Tex.
Crim. App. 2003). 
         Any allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness. Thompson, 9
S.W.3d at 814. An appellate court looks to the totality of the representation and the
particular circumstances of each case in evaluating the effectiveness of counsel. Id.
at 813. 
         The record shows appellant’s trial counsel offered the victim’s mother’s
statement into evidence to impeach the mother’s testimony. After appellant’s counsel
introduced the mother’s statement into evidence during cross-examination, counsel
highlighted inconsistencies between the mother’s testimony and her prior statement
during the following exchange: 
Counsel:               In fact, you testified earlier also that she had–that on
Thursday morning Gracie had gone to H.E.B., but
nothing that you read to us in your affidavit states
that she had gone to H.E.B., is that correct?
 
Victim’s Mother:   That is correct.
 
Counsel:               Likewise, your testimony today stated that after the
incident on Thursday afternoon in the shed, that
Mr.–Lupe goes to the bathroom, he is taking a
shower and exposes himself to your daughter, is that
correct?
 
Victim’s Mother:   That is correct
 
Counsel:               But in your statement that you read today, there’s no
mention of that?
 
Victim’s Mother:   I did not mention that in my statement, no. 

         The record also indicates that appellant’s counsel offered into evidence the
victim’s written statement and the victim’s videotaped interview to attack the victim’s
credibility. During his closing argument, counsel asked the jury “to examine and
scrutinize th[e] videotape” as they had “an opportunity to see what [the victim] was
like a few days after” the occurrences. Counsel then asked the jury to identify the
inconsistencies in the victim’s sworn statement, the victim’s testimony, and the
victim’s videotaped interview. One inconsistency that appellant’s counsel points out
to the jury is that in the victim’s video statement, she alleges that appellant had felt
her bottom underneath her swimsuit on two occasions, Tuesday and Wednesday. 
However, in the victim’s testimony, the victim’s statement, the victim’s mother’s
testimony, and the victim’s mother’s statement there is no mention of a second
“incident” in the pool. Counsel also noted the victim could not describe appellant’s
sexual organ at trial but was able to do so in the videotaped interview and the sworn
statement. Additionally, in the victim’s videotaped statement, the victim asserts that
another little girl, T.O., had also been molested by appellant, but testimony from T.O.’s
mother contradicted that portion of the victim’s testimony. Notably, the jury found
appellant guilty of only one count brought against him and acquitted him of the
remaining five counts. 
         The record shows counsel introduced the three exhibits into evidence to
highlight inconsistencies between statements made in the exhibits and the testimony
of the victim and her mother on the stand. We conclude that counsel’s conduct in
offering these three exhibits into evidence was a part of counsel’s trial strategy and
fell within the wide range of reasonable professional assistance. Appellant failed to
satisfy the first prong of the Strickland test. Accordingly, we overrule appellant’s first
issue.  
B. Factual Sufficiency
         In his second issue, appellant contends the evidence was factually insufficient
to sustain his conviction for indecency with a child. In analyzing issues of factual
sufficiency, the evidence is measured against the elements of the offense as defined
by a hypothetically correct jury charge. Wheaton v. State, 129 S.W.3d 267, 272
(Tex. App.–Corpus Christi 2004, no pet.); Adi v. State, 94 S.W.3d 124, 131 (Tex.
App.–Corpus Christi 2002, pet. ref’d). When reviewing the factual sufficiency of the
elements of the offense on which the State carries the burden of proof, we impartially
examine all of the evidence and set aside the verdict only if “proof of guilt is so
obviously weak as to undermine confidence in the [fact finder’s] determination, or the
proof of guilt, although adequate if taken alone, is greatly outweighed by the contrary
proof.” Wheaton, 129 S.W.3d at 272 (quoting Swearingen v. State, 101 S.W.3d 89,
97 (Tex. Crim. App. 2003)). 
         We review the evidence weighed by the fact finder that tends to prove the
existence of a disputed elemental fact and compare it to evidence that is contrary to
the disputed fact. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). 
However, we do not intrude upon the jury’s role as the sole judge of the weight and
credibility given to witness testimony. Id. Due deference must be accorded to the
fact finder’s determinations on the weight and credibility of the evidence, and we may
not merely substitute our own judgment. Swearingen, 101 S.W.3d at 97; Johnson,
23 S.W.3d at 7.
         Section 21.11(a)(1) of the penal code, under which appellant was convicted,
states that a person commits the offense of indecency with a child if the person
“engages in sexual contact with the child or causes the child to engage in sexual
contact.” Tex. Pen. Code Ann. § 21.11(a)(1) (Vernon 2003). “Sexual contact” is
defined as including:
the following acts, if committed with the intent to arouse or gratify the
sexual desire of any person: 

(1) any touching by a person, including touching through clothing, of the
anus, breast, or any part of the genitals of a child; or 

(2) any touching of any part of the body of a child, including touching
through the clothing, with the anus, breast, or any part of the genitals of
a person. 

Id. § 21.11(c).       
         Appellant argues that the State did not prove beyond a reasonable doubt that
appellant committed the acts alleged in the count of which he was convicted. 
Appellant’s contention is that the only real evidence presented against him was the
testimony of the ten-year-old victim, which was contradicted by his testimony. 
         The State acknowledges that appellant’s conviction rested primarily on the
testimony of the victim. However, the testimony of a child victim alone may be
sufficient to support a conviction for indecency with a child. See Tex. Code Crim.
Proc. Ann. art. 38.07 (Vernon Supp. 2004); Perez v. State, 113 S.W.3d 819, 838
(Tex. App.–Austin 2003, pet. ref’d). Moreover, the jury is the sole judge of the
credibility of the witnesses and the weight to be given the evidence, and may choose
to believe all, some, or none of it. Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon
1979); Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000); Perez, 113
S.W.3d at 838. The jury is permitted to believe or disbelieve any part of the testimony
of any witness. Margraves, 34 S.W.3d at 919. 
         At trial, the victim testified that appellant had asked her to go into the shed to
look for the chemicals needed to clean appellant’s pool. She testified that once inside
the shed, appellant pulled his sexual organ out from his pants and that she turned
away from appellant. According to the victim’s testimony, appellant then grabbed her
hand and made her rub his sexual organ. She then ran out of the shed and rushed
inside to the bathroom to wash her hands. The State introduced the outcry testimony
of the victim’s mother and the testimony of the investigating nurse at Driscoll
Children’s Hospital. The testimony from both of these witnesses was consistent with
the victim’s testimony regarding the incident in the shed. 
         Although appellant testified that he did not commit the act he was accused of,
the State introduced evidence challenging the credibility of appellant’s testimony. 
Contrary to appellant’s testimony that no children are allowed in the shed, the victim
testified that she had been inside the shed on two other occasions and was able to
describe how the shed door locked if not closed gently. During her videotaped
interview, she also described the position of shelves within the shed and that two
motorcycles were in the shed at the time of the incident. Her description of the shed
was consistent with a photo of the interior of the shed introduced into evidence by the
State. 
         We conclude that the evidence supporting the conviction is not so obviously
weak as to be clearly wrong and manifestly unjust or greatly outweighed by the
contrary proof. Accordingly, we overrule appellant’s second issue.
III. CONCLUSION
         We affirm the judgment of the trial court. 
                                                                                                             
                                                                                 Rogelio Valdez,
                                                                        Chief Justice
Do not publish. 
Tex. R. App. P. 47.2(b).
 
Memorandum Opinion delivered and filed
this 19th day of August, 2004.