NUMBER 13-04-00273-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

JUAN LUNA,                                                                                     Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

 

    On appeal from the 347th District Court of Nueces County,
Texas.

 

                       MEMORANDUM OPINION

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez 

                         Memorandum
Opinion by Justice Hinojosa

 








A jury found appellant, Juan Luna, guilty of two
counts of aggravated assault[1]
and assessed his punishment at fifteen years=
imprisonment for the first count and ten years=
imprisonment for the second count.  The
trial court ordered both sentences to run concurrently.  The trial court has certified that this is
not a plea bargain case, and appellant has the right of appeal.  See Tex.
R. App. P. 25.2(a)(2).  In three
issues, appellant contends (1) the evidence is factually insufficient to
support his convictions, (2) the trial court submitted an improper jury charge,
and (3) the trial court erred by admitting prejudicial evidence.  We affirm.

As this is a memorandum opinion not designated for
publication and the parties are familiar with the facts, we will not recite
them here except as necessary to advise the parties of our decision and the basic
reasons for it.  See Tex. R. App. P. 47.4.

A. Improper
Jury Charge

In his second issue, appellant contends the trial
court erred by instructing the jury on the law of parties when the indictment
did not allege a conspiracy.  The trial
court=s charge authorized the jury to convict appellant
under the following three theories of aggravated assault:  (1) as a principal, (2) as a party under
section 7.02(a)(2) of the penal code, or (3) as a conspirator under the law of
parties pursuant to section 7.02(b) of the penal code.  See Tex.
Pen. Code Ann. ' 7.02(a)(2), (b) (Vernon 2003).








The court of criminal appeals has repeatedly
rejected similar claims that a charge on the law of parties constitutes an
impermissible amendment to an indictment. 
In Marable v. State, the court reiterated, Ait is well‑settled that the law of parties
need not be pled in the indictment.@  Marable
v. State, 85 S.W.3d 287, 287 (Tex. Crim. App. 2002).  This rule applies to the law of parties found
in both section 7.02(a)(2) and section 7.02(b). 
Montoya v. State, 810 S.W.2d 160, 165 (Tex. Crim. App. 1989).  Additionally, we find the instruction on the
law of parties in the present case to be devoid of irregularities; the
instruction includes the exact statutory language provided in the penal code.  See Tex.
Pen. Code Ann. ' 7.02(a)(2), (b). 
Appellant=s second issue is overruled.

B. Factual Sufficiency

In his first issue, appellant complains that the
evidence is factually insufficient to support his conviction for two counts of
aggravated assault.  Specifically,
appellant asserts that the evidence only shows that he was present at the scene
of the offense.

When we review the factual sufficiency of the
evidence, we review all of the evidence and set aside the verdict only if (1)
the evidence is so weak as to be clearly wrong and manifestly unjust or (2) the
verdict is against the great weight of the evidence.  Johnson v. State, 23 S.W.3d 1, 11
(Tex. Crim. App. 2000).  We are not bound
to view the evidence in the light most favorable to the prosecution and may
consider the testimony of all the witnesses. 
Id. at 10‑12. 
Disagreeing with the fact finder=s determination is appropriate only when the record
clearly indicates that such a step is necessary to arrest the occurrence of a
manifest injustice; otherwise, due deference must be accorded the fact finder=s determinations, particularly those concerning the
weight and credibility of the evidence.  Id.
 We measure the factual sufficiency
of the evidence by the elements of the offense as defined by a hypothetically
correct jury charge for the case.  Wheaton
v. State, 129 S.W.3d 267, 272 (Tex. App.BCorpus
Christi 2004, no pet.); see Adi v. State, 94 S.W.3d 124, 131 (Tex. App.BCorpus Christi 2002, pet. ref=d).








A person commits assault by intentionally,
knowingly, or recklessly causing bodily injury to another, including the
person's spouse.  Tex. Pen. Code Ann. ' 22.01(a)(1) (Vernon 2003).  A person commits aggravated assault by
committing assault and either (1) causing serious bodily injury to another, or (2)
using or exhibiting a deadly weapon during the commission of the assault.  Id. at '
22.02(a).

Appellant was convicted of attacking two
individuals.  Whether the victims
sustained serious bodily injury is not in question; one of the victims died
from the injuries sustained in the attack. 
The record includes testimony from five witnesses that appellant was an
active participant in the attacks.  The
attacks were intentionally committed in response to an earlier altercation
between appellant and the victims.

Viewed in a neutral light, the proof of guilt in
this case is not so obviously weak as to undermine confidence in the fact‑finder=s determination. 
Furthermore, the proof contrary to the State=s evidence does not greatly outweigh the proof of
guilt.  The trier of fact is the sole
judge of the witnesses= credibility and the weight to be given their
testimony, and is free to accept or reject all or any part of the testimony of
any witness.  See Sharp v. State,
707 S.W.2d 611, 614 (Tex. Crim. App. 1986). 
Accordingly, we hold the evidence is factually sufficient to support
appellant=s convictions. 
Appellant=s first issue is overruled.

C. Inadmissible
Evidence








In his third issue, appellant complains the trial
court erred in admitting highly prejudicial evidence of gang membership over
appellant=s objection. 
To preserve a complaint for appellate review, the record must show that
the complaint was made to the trial court by a timely request, objection, or
motion that stated the grounds for the ruling that the complaining party sought
from the trial court with sufficient specificity to make the trial court aware
of the complaint.  Tex. R. App. P. 33.1(a).  The State presented evidence that appellant
was a gang member.  Appellant did not
specifically object to this evidence. 
Because appellant failed to specifically object to evidence of his gang
membership, we hold he failed to preserve error for our review.  See id.

Appellant later objected on relevancy grounds to
testimony addressing the manner in which gang members are placed in jail
housing.  On appeal, appellant complains
that evidence of gang membership was highly prejudicial.  AAn objection stating one legal basis may not be used
to support a different legal theory on appeal.@  Rezac v. State, 782 S.W.2d 869, 870
(Tex. Crim. App. 1990).  Because the
objection appellant made at trial differs from the complaint he now makes on
appeal, we hold appellant failed to preserve error for our review.  See id.  Appellant=s
third issue is overruled.

The trial court=s judgment is affirmed.

 

 

FEDERICO G. HINOJOSA

Justice

 

 

Do
not publish.  See Tex. R. App. P. 47.2(b).

 

Memorandum
Opinion delivered and filed this

the
4th day of August, 2005.











[1]See Tex. Pen.
Code Ann. ' 22.02 (Vernon 2003).