NUMBERS 13-05-045-CR &
13-05-051-CR

 

                         COURT OF APPEALS                 

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

                                                                                                                     


 

ADERIAN JERREL MCBRIDE,                                                       
Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                   Appellee.

                                                                                                                                       

On appeal from the 400th District
Court of Fort Bend County, Texas.

                                                                                               
                       

MEMORANDUM OPINION

 

          Before
Chief Justice Valdez and Justices Yañez and Castillo

                      Memorandum
Opinion by Chief Justice Valdez

 








Appellant, Aderian Jerrel McBride, was convicted of
aggravated robbery and was assessed punishment at ninety-nine years= imprisonment and a fine of $8,000.  See Tex.
Pen. Code Ann. ' 29.03(a)(2) (Vernon 2003).  Appellant was also convicted of burglary of a
habitation (with a deadly weapon) and assessed punishment at sixty-one years= imprisonment and a fine of $8,000.  See Tex.
Pen. Code Ann. ' 30.02(a)(3) (Vernon 2003).  For the reasons that follow, we affirm the
judgment of the trial court.

I. Background

On March 28, 2003, at about 10:00 or 11:00 a.m.,
Gilbert Cruz, a computer network engineer, returned home from work to notice
his garage door was open and a red car was backed into his garage.  He saw a young black male in the driver=s seat.  Cruz
then observed appellant exit his house with some computer equipment.  Cruz proceeded to block the red car in his
garage by pulling his car in front of the red car.  Appellant allegedly removed a gun from a
black pouch and pointed it at Cruz. 
Cruz, in fear of his life, allowed appellant to leave but pursued him in
his car while calling the police on his cell phone.  Cruz alleged that during the chase, appellant
fired shots at him with the gun.  Officer
Santos of the Missouri City Police Department received a call from a dispatcher
in reference to the chase.  Santos and
other officers from the police department began to pursue the vehicles.  Santos did not see a weapon thrown from the
appellant=s vehicle. 
During the chase, appellant=s vehicle jumped a curb, passed through an empty
field, through a fence, and ended up crashing into the back of a house.  Appellant 
fled and was found in a backyard of a house disrobing.  When approached, appellant fled on foot
again.  Appellant and the driver were
apprehended by the officers after being pursued through a water-filled bayou.  Santos, along with the assistance of the
other officers, checked the area for evidence, but, because appellant was not
in sight during the entire chase, it was difficult to determine the exact route
taken by appellant; as a result, some areas were not searched.  The gun allegedly used in the incident was
not recovered and there were no traces of gun residue on appellant.  








By two issues, appellant asserts that the evidence
is factually insufficient to support his convictions because no evidence was
presented that he possessed or exhibited a deadly weapon.  We address both contentions together. 

II. Standard of Review

In a factual sufficiency review, the evidence is
viewed in a neutral light, favoring neither party.  See Clewis v. State, 922 S.W.2d 126,
134 (Tex. Crim. App. 1996).  In this
neutral light, we determine whether Athe proof of guilt is so obviously weak as to
undermine confidence in the jury=s determination, or the proof of guilt, although
adequate if taken alone, is greatly outweighed by contrary proof.@  See
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  A clearly wrong and unjust verdict occurs
where the jury=s finding Ashocks the conscience@ or Aclearly demonstrates bias.@  Santellan
v. State, 939 S.W.2d 155, 164-65 (Tex. Crim. App. 1997).  We are authorized to disagree with the fact
finder=s verdict even if probative evidence exists that
supports the verdict. Id. at 164; see also Johnson, 23 S.W.3d at
7.

In a criminal conviction, sufficiency of the
evidence is determined by the elements of the crime as defined by the
hypothetically correct jury charge.  Malik v. State, 953 S.W.2d 234, 240 (Tex.
Crim. App. 1997); Adi v. State, 94 S.W.3d 124, 131 (Tex. App.BCorpus Christi 2002, pet. ref'd).  The correct charge would be one that
accurately sets out the law, is authorized by the indictment, does not
unnecessarily increase the State=s burden of proof or unnecessarily restrict the
State=s theories of liability, and adequately describes
the particular offense for which the defendant was tried.@  Malik,
953 S.W.2d at 240.  

 








III. Analysis

By two issues, appellant asserts that the evidence
for both convictions is factually insufficient because no evidence was
presented that he ever possessed or exhibited a gun.  In support of his argument, appellant contends
that there existed no physical evidence to corroborate his possession or
exhibition of a gun.

Although the weapon was not recovered, the actual
weapon used to commit an offense need not be introduced into evidence if the
testimony of a witness describes the weapon and how it was used.  See Wright v. State, 591 S.W.2d 458, 459
(Tex. Crim. App. 1979).  At trial, Cruz
testified that appellant removed a gun from a black pouch and pointed it at
him; he further testified that appellant shot at him a couple of times.  The Court of Criminal Appeals has held that testimony
of a Agun@ is sufficient to support a jury=s finding that a deadly weapon was used.  Id. 
The jury is the exclusive judge of the credibility of the witness and of
the weight to be given to his testimony. 
Barnes v. State, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994).  The jury, as fact-finder, was entitled to
believe or not to believe Cruz=s account.  We
iterate that our evaluation should not substantially intrude upon the jury=s role as the sole judge of the weight and
credibility of witness testimony.  See
Santellan, 939 S.W.2d at 164.  








Our review of the record as a whole, with
consideration given to all of the evidence, both for and against the jury=s finding, does not reveal any evidence that would
cause us to conclude that the proof of guilt is so obviously weak or is
otherwise so greatly outweighed by contrary proof as to render appellant=s convictions wrong or manifestly unjust.  Therefore, we hold that the evidence is
factually sufficient to support the jury=s verdict for both convictions.  Appellant=s
first and second issues are overruled.  

We affirm the judgment of the trial court.    

 

                                                                                                                                    ROGELIO
VALDEZ

Chief Justice

 

Do not publish                                               

Tex. R. App. P. 47.2(b).

 

Memorandum Opinion delivered and 

filed this the 29th day of June, 2006.