NUMBER
13-09-00283-CR

 

                                        COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI
- EDINBURG

                                                                     


 

GEORGE BRISENO AMADOR,                             Appellant,

 

v.

 

THE STATE OF TEXAS,                                   
Appellee.

                                                                     


 

On appeal from the 370th
District Court

of Hidalgo County,
Texas.

                                                           
          

 

MEMORANDUM OPINION

 

       Before
Chief Justice Valdez and Justices Rodriguez, and Benavides

                      Memorandum
Opinion by Justice Benavides

 

Appellant,
George Briseno Amador, was indicted on one count of aggravated assault with a
deadly weapon, a first-degree felony.  See Tex. Penal Code Ann. §§ 22.01, 22.02 (Vernon Supp.
2010).  Following a jury trial, Amador was found guilty and sentenced to eight
years’ imprisonment in the Institutional Division of the Texas Department of
Criminal Justice and ordered to pay fines and restitution in the amount of
$85,798.82.  By three issues, Amador contends that:  (1) the evidence was
insufficient to support his conviction; (2) the trial court erred in admitting
prejudicial and inflammatory evidence; and (3) the trial court erred in
allowing improper jury argument by the State.  We affirm.

I.  Background

            In
the early morning hours of June 21, 2008, Amador shot Miguel Angel Zamora in
the chest.  The testimony indicated that Amador had a “bootleg” business
wherein he sold alcohol out of his home after legal store hours.  Andy Garza, a
friend of Amador’s, brought Zamora to Amador’s apartment so that they could
“hang out” and drink alcohol late into the night.  Amador, Zamora, and Garza
all drank together for several hours.  Zamora and Garza admitted to using
cocaine, but the testimony conflicted as to whether Amador was also using
cocaine.  According to Amador’s testimony, Zamora and Garza left to visit a
neighbor’s apartment at some point during the night but later came back. 
Amador further testified Zamora and Garza were acting violently—wrestling with
each other and threatening one of Amador’s friends who briefly stopped by
during the night.  Amador testified that he told Zamora and Garza to leave
because of their behavior and because he believed that they were stealing beer
and taking it to the neighbor’s apartment.  Amador testified that Zamora and
Garza became confrontational and refused to leave.




            Garza
knew that Amador had guns in his apartment, and Amador testified that both Garza
and Zamora had access to his guns because they passed through his bedroom to
use the bathroom several times throughout the night.  Amador testified that he
believed that Garza or Zamora may have taken one of his guns.  After Garza and
Zamora refused to leave, Amador went to his bedroom and retrieved a handgun
that he kept under his pillow.  

Each
of the three witnesses present at the scene had a different account of exactly
where the parties were when the shooting occurred.  Garza’s testimony indicated
that when Amador returned from his bedroom with a gun, Zamora was already
outside the apartment, and that Amador brandished the gun in front of Zamora
and Garza, again telling them to leave.  Zamora’s testimony indicated that he
walked backwards out of the apartment with his hands up because Amador already
had a gun, and that the next thing he remembered was waking up in the hospital
two weeks later.  Amador testified that Zamora was still in the apartment when
he returned with the gun and that Zamora “lunged” at him.  Amador testified
that he believed Zamora had a gun somewhere on his person.[1]
 Amador also testified that Amador suffered from post-traumatic stress
disorder as a result of his military service in Vietnam—making him particularly
susceptible to noise and commotion.  

Zamora
testified that Amador fired two shots and that he was hit in his “side” and in
his “left nipple area.” He further testified that the shots caused an exit
wound in his lower back.  Amador testified that he was just trying to give
Zamora “a little nick.”  Garza testified that after the shots were fired, he
ran out of the apartment, eventually making his way to his wife’s house where
he called the police.

            During
the trial, the State admitted a video into evidence over Amador’s objection. 
The video contained images of the inside of Amador’s apartment showing flags
that covered his walls—one of which was a Nazi flag—and pornography adorning
Amador’s refrigerator.  Additionally, Amador testified to the presence of these
items in his apartment, and photos showing the same materials were admitted at
trial over Amador’s objection.

II. 
Discussion

A.        Sufficiency
of the Evidence        

By
his first issue, Amador contends that the evidence at his trial was factually
insufficient to sustain his conviction.  The Texas Court of Criminal Appeals
has held that our only sufficiency review should be under “a rigorous and
proper application” of the Jackson standard of review, and therefore, we
construe Amador’s factual sufficiency arguments as legal sufficiency arguments
in this appeal.  See Brooks v. State, 323 S.W.3d 893, 906 (Tex. Crim.
App. 2010).  Under this standard, “the relevant question is whether, after
viewing the evidence in the light most favorable to the prosecution, any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.”  Jackson v. Virginia, 443 U.S. 307, 319
(1979); see Brooks, 323 S.W.3d at 902 n.19.  “[T]he fact-finder’s role
as weigher of the evidence is preserved through a legal conclusion that upon
judicial review all of the evidence is to be considered in the light
most favorable to the prosecution.”  Jackson, 443 U.S. at 319 (emphasis
in original); see Tex. Code Crim.
Proc. Ann. art. 38.04 (Vernon 1979) (“The jury, in all cases, is the
exclusive judge of facts proved, and the weight to be given to the
testimony . . . .”); Wesbrook v. State, 29 S.W.3d
103, 111 (Tex. Crim. App. 2000) (“The jury is the exclusive judge of the
credibility of witnesses and of the weight to be given testimony, and it is
also the exclusive province of the jury to reconcile conflicts in the
evidence.”).

            Sufficiency
of the evidence is measured by the elements of the offense as defined by a
hypothetically correct jury charge.  Malik v. State, 953 S.W.2d 234,
238-40 (Tex. Crim. App. 1997); see Adi v. State, 94 S.W.3d 124, 131
(Tex. App.–Corpus Christi 2002, pet. ref’d).  Under a hypothetically correct
jury charge, the State was required to prove beyond a reasonable doubt that
Amador:  (1) intentionally, knowingly, or recklessly; (2) caused bodily injury
to Zamora; and (3) used or exhibited a deadly weapon during the commission of
the assault.  See Tex. Penal Code
Ann. §§ 22.01, 22.02.  Amador concedes on appeal to all of the
elements of this offense.  He contends, however, that he produced sufficient
evidence that he was acting in self defense, triggering the State’s burden to
prove otherwise, and that the evidence was insufficient to rebut his
self-defense claim.

The
jury in this case, however, heard evidence that (1) Amador fired without
provocation; (2) Zamora had, or at least was in the process of, leaving
Amador’s apartment; (3) Zamora had his hands in the air; and (4) neither Zamora
nor Garcia had a weapon.  We recognize that this evidence was controverted
during the trial, but it is within the province of the jury to determine the
credibility of the witnesses and to determine what weight is to be given to all
of the testimony.  See Wesbrook, 29 S.W.3d at 111.  Viewing this
evidence in the light most favorable to the prosecution, we hold that there was
sufficient evidence for the jury to find beyond a reasonable doubt that Amador
was not acting in self-defense.  See Jackson, 443 U.S. at 319. 
Accordingly, Amador’s first issue is overruled.

B.        Prejudicial
Evidence

            By
his second issue, Amador contends that the trial court erred in admitting the
videotape showing Nazi flags and pornography in his apartment because the
evidence was more prejudicial than probative and inflamed the jury.

Texas
Rule of Evidence 403 provides that “[a]lthough relevant, evidence may be
excluded if its probative value is substantially outweighed by the danger of
unfair prejudice, confusion of the issues, or misleading the
jury . . . .”  Tex.
R. Evid. 403.  We review a trial court’s determination of the
admissibility of evidence under rule 403 for an abuse of discretion and will
only reverse such a determination if the decision to admit or exclude the
evidence was arbitrary and falls outside the “zone of reasonable
disagreement.”  Rodriguez v. State, 203 S.W.3d 837, 843 (Tex. Crim. App.
2006); see Williams v. State, 301 S.W.3d 675, 690 (Tex. Crim. App. 2009)
(“The admissibility of photographs over an objection is within the sound
discretion of the trial judge.”).  The Texas Court of Criminal Appeals has held
that, 

a Rule 403 analysis may include
considerations of:  (1) the probative value of the evidence; (2) the potential
of the evidence to impress the jury in some irrational, but nevertheless
indelible way; (3) the time the proponent needs to develop the evidence; and
(4) the proponent's need for the evidence.

 

Rodriguez, 203 S.W.3d at 843 (citing Reese
v. State, 33 S.W.3d 238, 240-41 (Tex. Crim. App. 2000)).




            The
State contends that the evidence was necessary to prove its theory of the case,
and therefore, was so probative that the inflammatory nature of the evidence
was far outweighed by the State’s need to admit the evidence.  According to the
State, the evidence was necessary to prove that Zamora was outside Amador’s apartment
when he was shot and to develop its theory of Amador’s motive by showing that
he was angry because he believed Zamora and Garza were stealing beer from him. 
Specifically, the video showed the layout of the apartment and showed a sign on
the refrigerator door indicating that no one was allowed to open his
refrigerator.  The exact location of each of the parties at the time of the
shooting was critical in the resolution of Amador’s self-defense claim. 
Therefore, we agree that it was in the zone of reasonable disagreement to find
that this evidence was more probative than prejudicial.  

Additionally,
we note that in coming to this conclusion, we consider the fact that the Nazi
flag of which Amador complains was accompanied on his walls by several other
flags—including flags of Texas, Canada and the United States Marine
Corps—thereby arguably lessening its inflammatory effect.  Moreover, we do not
consider the presence of pornography or Nazi paraphernalia to be so
inflammatory or prejudicial as to outweigh the obvious need of the State to
present the video evidence in this case.  Accordingly, we hold that the trial
court did not abuse its discretion in admitting the videotape evidence, and we
overrule Amador’s second issue.[2]




C. 
Improper Jury Argument

            By
his third issue, Amador contends that the trial court erred when it allowed the
State to argue to the jury that Amador and Garza were involved in a romantic
relationship and that the shooting was somehow motivated by “romantic
jealousy.”  Amador contends that this was an argument outside of the evidence. 
However, Amador does not provide record citations to any specific argument of
the State.  In our own review of the record, we find the following argument by
the State to be the closest to such a statement:

He wants you
to believe that he is this innocent man, that he is just minding his own
business, in his apartment, hanging out with 29-year-old men, selling them—not
even selling them, giving them alcohol if they stayed there.

 

And of course
his favorite young man was [Garza].  He had feelings for [Garza].  We begin to
develop a relationship.  It was [Garza].  He was upset because [Zamora] was
there.  He didn’t want [Zamora] there.  He wanted [Garza] to himself.

 

Regardless,
Amador did not object to this allegedly improper jury argument as it was being
made.  Therefore, he has forfeited his right to complain about the jury
argument on appeal.  See Threadgill v. State, 146 S.W.3d 654, 670 (Tex.
Crim. App. 2004) (“Because appellant failed to object to the jury argument,
he has forfeited his right to raise the issue on appeal.”); Mathis v. State,
67 S.W.3d 918, 927 (Tex. Crim. App. 2002) (describing appellant’s argument that
an objection would be pointless because it would have been incurable, and
noting that “even if the error was such that it could not be cured by an
instruction, appellant would be required to object and request a mistrial”); Cockrell
v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (“Before a defendant
will be permitted to complain on appeal about an erroneous jury
argument, . . . he will have to show he objected and pursued his
objection to an adverse ruling.”).  Accordingly, Amador’s third issue is
overruled.

III. 
Conclusion

            Having
overruled all of Amador’s issues on appeal, we affirm the trial court’s
judgment.

 

 

________________________

GINA
M. BENAVIDES,

Justice

 

Do not publish.

Tex. R. App.
P.47.2(b)

 

Delivered and filed the

5th day of May, 2011. 

 









[1] Amador concedes that, in fact, neither Zamora nor Garza had a
weapon at the time of the shooting.





[2]  Because we conclude that the trial court did not abuse its discretion in this case, we
need not address the State’s additional contention
that evidence of the Nazi flag and pornography were already admitted by other
means—including testimony of the witnesses and photographs of the scene. 
See Tex. R. App. Pro. 47.4.