NUMBER
13-04-519-CR

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

JULIE ESTRELLA, A/K/A JULIE KING, A/K/A

JULIE SMULLEN,                                                                              Appellant,

                                                             v.

THE STATE OF TEXAS,                                                                    Appellee.

 

 

                    On appeal from the 214th District
Court

                                        of
Nueces County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Rodriguez and Garza

 

      Opinion by Chief
Justice Valdez

 

 








Appellant, Julie Estrella (a/k/a Julie King, a/k/a
Julie Smullen), was charged with the following offenses: intoxication
manslaughter, intoxication assault, and driving while intoxicated with a child
passenger.  A jury sentenced appellant to
fourteen years= imprisonment in the Texas Department of Criminal
Justice for the first two offenses, and the trial court sentenced her to two
years= confinement in a state jail for the third offense.  On appeal, appellant raises three
issues:  (1) insufficient evidence of
guilt, (2) jury charge error, and (3) cruel and unusual punishment.  We affirm. 


I. BACKGROUND   

Appellant, driving in her car while under the
influence of prescription medications (i.e., Xanax, Carisprodol and
Meprobamate), struck an oncoming vehicle head-on; the driver of the other
vehicle sustained serious bodily injury, and his four-year-old daughter died
from blunt neck trauma.  At the time of
the accident, appellant had her three-month old child in the car with her.       

II. LEGAL AND FACTUAL SUFFICIENCY OF THE EVIDENCE

By her first issue, appellant argues that she was
not proven guilty beyond a reasonable doubt because there was insufficient
evidence of guilt.[1]  Specifically, appellant argues that she was
involuntarily intoxicated and did not know the difference between right and
wrong.  

A. Standard of Review








In evaluating the legal sufficiency of the evidence,
we view the evidence in the light most favorable to the verdict and determine
whether any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 318‑19 (1979); Cardenas v. State,
30 S.W.3d 384, 389‑90 (Tex. Crim. App. 2000).  The legal sufficiency of the evidence is
measured by the elements of the offense as defined by a hypothetically correct
jury charge for the case that would set out the law, be authorized by the
indictment, not unnecessarily increase the State's burden of proof or
unnecessarily restrict the State's theories of liability, and adequately
describe the particular offense for which the defendant was tried.  Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997).  This standard
applies to both jury and bench trials.  Id.

In evaluating factual sufficiency of the evidence,
we review the evidence in support of and contrary to the trier of fact's
findings to determine whether the evidence is so weak that it renders the
verdict clearly wrong and manifestly unjust or the verdict is contrary to the
evidence.  Johnson v. State, 23
S.W.3d 1, 11 (Tex. Crim. App. 2000); Clewis v. State, 922 S.W.2d 126,
129 (Tex. Crim. App. 1997).  We also
measure the factual sufficiency of the evidence against a hypothetically
correct jury charge.  See Adi v. State.
94 S.W.3d 124, 131 (Tex. App.BCorpus Christi 2002, pet. ref=d).

B. Applicable Law








AIntoxicated@ means not having the normal use of mental or
physical faculties by reason of the introduction of alcohol, a controlled
substance, a drug, a dangerous drug, a combination of two or more of those
substances, or any other substance into the body.  Tex.
Pen. Code Ann. ' 49.01(2)(A) (Vernon Supp. 2005).  A person commits intoxication manslaughter if
she operates a motor vehicle in a public place while intoxicated and by reason
of that intoxication causes the death of another by accident or mistake.  See id.  ' 49.08.  A
person commits intoxication assault if she operates a motor vehicle in a public
place while intoxicated, and by reason of that intoxication, causes serious
bodily injury to another.  See id. ' 49.07.  A
person commits the offense of driving while intoxicated with a child passenger
if she is intoxicated while operating a motor vehicle in a public place and the
vehicle is occupied by a passenger who is younger than fifteen years of
age.  See id. ' 49.045.      

C. Analysis   

A review of the record shows that the evidence was
both legally and factually sufficient to warrant appellant=s guilty verdict.

Appellant does not refute the fact that she operated
a motor vehicle with a child passenger on board when she collided with the
other vehicle, or that she was intoxicated due to taking her medications.  She also does not refute that the driver of
the other vehicle sustained serious bodily injury, or that the driver=s daughter died as a result of blunt neck trauma
sustained in the accident.








On appeal, appellant only argues that she
voluntarily took prescribed medications, which resulted in her becoming
involuntarily intoxicated.  Therefore,
she alleges the guilty verdict is Aclearly wrong and manifestly unjust@ because she did not know right from wrong.  However, in a prosecution under the offenses
for which appellant was charged, Athe fact that the defendant is entitled to use the
alcohol, controlled substance, drug, dangerous drug, or other substance is not
a defense.@  Tex. Pen. Code Ann. ' 49.10 (Vernon Supp. 2005); see Nelson v. State,
149 S.W.3d 206, 211 (Tex. App.BFort Worth 2004, no pet.). (AThe voluntary taking of prescription drugs, which
impair mental or physical faculties, is not a defense to DWI.@).  
Furthermore, if this is an attempt to raise an insanity or diminished
capacity defense pursuant to former article 46.03 of the code of criminal
procedure, appellant raises it too late, as she did not introduce such a
defense at trial.  See Tex. Code Crim. Proc. Ann. art. 46.03, ' 2 (Vernon Supp. 2004-05), repealed by Acts
2005, 79th Leg., ch. 831, ' 1 (requiring insanity defenses to be raised at
least ten days prior to trial).[2]           

When viewed in the light most favorable to the
verdict, we conclude that any rational trier of fact could have found beyond a
reasonable doubt all of the essential elements of the offenses.  Jackson, 443 U.S. at 318-19; Cardenas,
30 S.W.3d at 389-90; see Malik, 953 S.W.2d at 240.  Furthermore, we cannot rule that the evidence
is so weak that it renders the verdict clearly wrong and manifestly unjust or
the verdict is contrary to the evidence. 
See Johnson, 23 S.W.3d at 11; Clewis, 922 S.W.2d at
129.  The evidence supporting the verdict
is legally and factually sufficient.  We
overrule appellant=s first issue. 

III. JURY CHARGE ERROR

By her second issue, appellant argues that the jury
charge improperly permitted the jury to find her guilty of intoxication
manslaughter and intoxication assault for merely driving a motor vehicle with a
prescription drug in her system.  She
argues that the trial court=s charge improperly refers to section 49.10 of the
Texas Penal Code.[3]    








When we review alleged charge error, we determine
(1) whether error actually exists in the charge, and (2) whether any resulting
harm requires reversal.  Castaneda v.
State, 28 S.W.3d 685, 694 (Tex. App.BCorpus Christi 2000, no pet.); see Mann v. State,
964 S.W.2d 639, 641 (Tex. Crim. App. 1998). 
If we conclude there is jury charge error, we must determine if the
error caused sufficient harm to warrant reversal.  See Ovalle v. State, 13 S.W.3d 774,
786 (Tex. Crim. App. 2000).

After reviewing the jury charge, we conclude that it
is free from any error.  The trial court
properly charged the jury as to section 49.10 of the penal code.  There was no error in either the language of
the charge or the inclusion of the statute. 
See Nelson, 149 S.W.3d at 211. 
Appellant=s second issue is overruled.

IV. CRUEL AND UNUSUAL PUNISHMENT








By her third issue, appellant argues that her
punishment was not proportional to the offenses committed and thus, violates
her state and federal rights against cruel and unusual punishment.  Appellant did not raise this complaint in the
trial court, and thus has failed to preserve it for appellate review.  See Tex.
R. App. P. 33.1(a); Curry v. State, 910 S.W.2d 490, 497 (Tex.
Crim. App. 1995) (holding cruel and unusual punishment complaint not
preserved); Nicholas v. State, 56 S.W.3d 760, 768 (Tex. App.BHouston [14th Dist.] 2001, pet. ref=d) (holding Athe constitutional right to be free from cruel and
unusual punishment may be waived.@).  In any
event, even if appellant had preserved this complaint for review, we would
overrule this issue because appellant=s punishment was within the statutory range and does
not violate the constitutional prohibitions on cruel and unusual
punishment.  See Harris v. State,
656 S.W.2d 481, 486 (Tex. Crim. App. 1983); Sullivan v. State, 975
S.W.2d 755, 757 (Tex. App.BCorpus Christi 1998, no pet.).  We overrule appellant=s third issue.      


V. CONCLUSION

The judgment of the trial court is affirmed. 

 

 

                                           

Rogelio Valdez,

Chief Justice

 

 

Do not publish.

Tex.
R. App. P. 47.2(b).

 

 

Memorandum
Opinion delivered and filed

this
2nd day of March, 2006.











[1] In her appellate brief, appellant
contends only that the evidence is factually insufficient; however, in her
prayer for relief, she requests this Court to reverse and render judgment, or
in the alternative, to reverse and remand for a new trial.  Therefore, we will address both the legal and
factual sufficiency of the evidence.      






[2]Act of May 25, 1983, 68th Leg.,
R.S., ch. 454, '3, 1983 Tex. Gen. Laws 2640,
2643-47, repealed by Act of May 27, 2005, 79th Leg., R.S., ch, 831, ' 1, 2005 Tex. Gen. Laws 2841, 2841
(current version at Tex. Code Crim.
Proc. Ann. art. 46C.270 (Vernon Supp. 2005)).   The 2005 amendment says that it applies
"only to an offense committed on or after the effective date of this
Act.  An offense committed before the
effective date of this Act is covered by the law in effect when the offense was
committed, and the former law is continued in effect for that
purpose."  Act of May 27, 2005, 79th
Leg., R.S., ch. 831, '' 1, 2, 5, 2005 Tex. Gen. Laws 2841,
2853‑54.  The offense in this case
occurred before the effective date of the new article, and thus the former
article applies.





[3] In a prosecution under sections
49.045, 49.07, or 49.08, the fact that the defendant is or has been entitled to
use the alcohol, controlled substance, drug, dangerous drug, or other substance
is not a defense.  See Tex. Pen. Code Ann. ' 49.10 (Vernon Supp. 2005).