

NUMBER 13-08-00058-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

LUIS VASQUEZ,                                                                                    Appellant,

v.

THE STATE OF TEXAS,                                                                         Appellee.

## On appeal from the 156th District Court of Bee County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Garza

A Bee County jury convicted appellant, Luis Vasquez,[1] on three counts of aggravated sexual assault, a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (a)(2)(B), (e) (Vernon Supp. 2008). The jury assessed punishment at fifty years' imprisonment in the Texas Department of Criminal Justice–Institutional Division ("TDCJ-ID") for each count, with the terms for counts one and two to run consecutively, and the term for the third count to run concurrently. The trial court also granted the State's motion to revoke Vasquez's community supervision, which he was serving as the result of a prior conviction, and sentenced him to two years' imprisonment, with that sentence to run

---

[1] In her appellate brief, Vasquez's counsel repeatedly refers to appellant as "Villarreal." We assume that each reference to "Villarreal" is instead intended to refer to Vasquez, the appellant in the instant case.

concurrently with the other terms of punishment.

Vasquez argues on appeal that: (1) the evidence was legally and factually insufficient to support his conviction of aggravated sexual assault; (2) the trial court improperly failed to include a probation instruction in the jury charge; (3) the trial court erred by not allowing evidence of the victim's past behavior; and (4) the trial court violated Vasquez's right against cruel and unusual punishment. We affirm.

## I. BACKGROUND

Vasquez was indicted in trial court cause number B-07-2022-0-CR-B on February 22, 2007. The indictment alleged three counts of aggravated sexual assault; specifically, that Vasquez had, on July 15, August 17, and August 30, 2005, intentionally or knowingly caused the penetration with his sexual organ of A.V., a child under the age of fourteen. After a trial on January 7, 8 and 9, 2008, the jury returned a verdict finding Vasquez guilty on all three counts.

At the time of the indictment and trial, Vasquez was serving a term of seven years' community supervision imposed in 2001 for the offense of tampering with governmental records in trial court cause number B-01-2091-0-CR-B. *See id.* § 37.10 (Vernon Supp. 2008). As a result of the allegations contained in the February 22, 2007 indictment, the State filed a motion to revoke Vasquez's community supervision in that case. After the January 2008 jury trial, the trial court held a bench trial on the motion to revoke. The trial court found the allegations in the State's motion to be true, revoked Vasquez's community supervision, and sentenced him to two years' imprisonment in the TDCJ-ID, with the sentence to run concurrently with the punishments imposed in trial court cause number B-07-2022-0-CR-B.

The trial court certified Vasquez's right to appeal in cause number B-07-2022-0-CR-B on January 9, 2008, and Vasquez filed his notice of appeal in that case on January 22, 2008. This appeal followed.

2

**A.    State's Evidence**

At trial, the alleged victim, A.V., testified that Vasquez forcibly assaulted her twice at his home and again in his car while on a trip to Wal-Mart, with all three assaults occurring when she was under the age of fourteen. According to A.V., Vasquez forced her to pull down her shorts and underwear and forced himself on her. A.V. specifically described the assaults as Vasquez putting his "middle part" in her "middle part."

A.V.'s brother, R.V., testified that he lived with Vasquez, A.V., and A.V. and R.V.'s mother, at Vasquez's house in Beeville, Texas. R.V. stated that Vasquez would frequently send him and his brother out "to the store" while Vasquez stayed at home with A.V., and that when they returned, A.V. would be upset. R.V. stated that he once observed Vasquez bending over A.V., exposing his penis, and stating to A.V.: "Do you want to play with it? Just touch it." On cross-examination, R.V. conceded that he was on juvenile probation for theft in Victoria County.

Michelle Ochoa, a friend of A.V.'s mother, testified that she received a telephone call from A.V. on September 26, 2005, and that in response to the call, Ochoa went to Vasquez's house to pick up A.V. and her mother. Ochoa stated that A.V. was very upset when she picked her up, and that she took A.V. and her mother to her friend Veronica Wade's house. Ochoa further stated that, as a result of what A.V. told her, Wade contacted the Beeville Police Department. Ochoa further testified that she took A.V. to the Sheriff's office the next day. Ochoa conceded on cross-examination that she did not immediately take A.V. to the police on September 26, 2005; rather, she waited until the following day.

Carol McLaughlin, a sexual assault nurse examiner at Driscoll Children's Hospital in Corpus Christi, testified that she performed a medical examination on A.V. on October 20, 2005. McLaughlin related that, during the examination, A.V. stated:

> "I got touched in my middle part," and she indicated her female sexual organ by pointing, "by my mom's boyfriend, Luis Vasquez. He stuck his thing inside me. He's done this a lot of times. Cum came out of it, white stuff. He wiped it off with a shirt and put it in the dirty clothes."

McLaughlin also testified that, in performing a genital examination on A.V., she observed "a one-half centimeter well-healed tear to her hymen" which was "indicative of a penetrating trauma." On cross-examination, when defense counsel asked if the injury was "a recent tear," McLaughlin stated that "[i]t was well healed which meant it was more than three days old." McLaughlin agreed with defense counsel that the injury "could have been a week old" but that "this injury could be four weeks old, this injury could be two years old. All we know is that the hymen was injured and healed torn, not together."

Captain Daniel Lee Cadell of the Bee County Sheriff's Office testified that he interviewed A.V. on September 27, 2005, and that A.V. made allegations of sexual abuse at that time. Captain Cadell further stated that he made contact with Vasquez on September 29, 2005, and that Vasquez denied the allegations. On cross-examination, Captain Cadell noted that no DNA evidence had been recovered in the case.

Lieutenant Manuel Espinosa, a criminal investigator with the Texas Department of Public Safety, conducted a non-custodial interview with Vasquez in October 2005. Lieutenant Espinosa testified that, when he asked Vasquez whether he had sexual intercourse with A.V., Vasquez stated that "he didn't force [A.V.] to have sex with him." Lieutenant Espinosa then stated that Vasquez later "recanted" by stating "'I didn't forcefully have sex with [A.V.] because it never happened. I never did have sex with her.'"

**B.     Vasquez's Evidence**

Rebecca Vasquez, appellant's daughter, testified that she saw A.V. at a bar where Rebecca was working as a deejay and that A.V. was "being a little rowdy and not obeying her mother." A.V.'s mother testified that she did not believe A.V. when A.V. first told her about Vasquez's actions. However, she stated: "I believe her now, though." Norma Garcia, the girlfriend of Vasquez's brother, testified that she and Vasquez's brother were staying with Vasquez in October 2005. Garcia also stated that A.V. and her mother were not staying at Vasquez's residence during September 2005.

4

Vasquez denied that he ever exposed his penis to A.V. or R.V., that he ever put his penis "in the middle part of [A.V.]," or that he ever touched A.V. inappropriately. Vasquez testified that he separated from A.V's mother at the end of 2004, and that subsequently, A.V. called him frequently on his cell phone and at home to "threaten[]" him and call him a "child molester" and "a lot of different names." On cross-examination, when the State's attorney asked Vasquez if "you're saying that [A.V.] is making all this up because she's angry at you for not giving her more money," Vasquez responded, "Yes, ma'am."

## II. DISCUSSION

### A. Sufficiency of the Evidence

By his first issue, Vasquez contends that the evidence adduced at trial was legally and factually insufficient to support his conviction for aggravated sexual assault.

#### 1. Standard of Review and Applicable Law

In conducting a legal sufficiency review, we consider the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Sanders v. State*, 119 S.W.3d 818, 820 (Tex. Crim. App. 2003). "This standard is meant to give 'full play to the [jury's] responsibility fairly' to 'draw reasonable inferences from basic facts to ultimate facts.'" *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 318 (1979)). We are not required to determine whether we believe that the evidence at trial established guilt beyond a reasonable doubt; rather, when faced with conflicting evidence, we must presume that the trier of fact resolved any such conflict in favor of the prosecution, and we must defer to that resolution. *State v. Turro*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).

In conducting a factual sufficiency review, we consider the evidence in a neutral light. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006). The verdict is to be set aside only if: (1) it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust; or (2) it is against the great weight and preponderance of the evidence. *Id.* at 415 (citing *Johnson v. State*, 23 S.W.3d 1, 10 (Tex.

5

Crim. App. 2000)). To reverse a verdict for factually insufficient evidence, we must "explain in exactly what way the State's evidence, while legally sufficient, is nevertheless too weak to withstand scrutiny, or in exactly what way we perceive the conflicting evidence greatly to preponderate against conviction." *Id.* at 414.

Both legal and factual sufficiency are measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); *Adi v. State*, 94 S.W.3d 124, 131 (Tex. App.–Corpus Christi 2002, pet. ref'd). Under a hypothetically correct jury charge, Vasquez committed the offense of aggravated sexual assault if he (1) intentionally or knowingly (2) caused the penetration of the sexual organ of A.V., (3) who was then younger than fourteen years of age. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (a)(2)(B). A person acts intentionally with respect to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. *Id.* § 6.03(a) (Vernon 2003). A person acts knowingly with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result. *Id.* § 6.03(b) (Vernon 2003).

### 2. Analysis

Vasquez claims that the evidence was legally insufficient to sustain his conviction for aggravated sexual assault because there was "no evidence" adduced "to clearly show appellant's conscious objective or desire; or clearly show an awareness of the nature of his conduct." We disagree.

The testimony of a child victim alone is sufficient to support a conviction for aggravated sexual assault. TEX. CODE CRIM. PROC. ANN. art. 38.07 (Vernon 2005); *see Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978). The victim's description of what occurred does not need to be precise, and wide latitude is given to the testimony of a child victim of sexual abuse. *Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990) (en banc). Penetration may be proved by circumstantial evidence, and there is no requirement that the child victim be able to testify as to penetration. *Id.* at 133. Moreover,

6

intent can be inferred from the acts, words, and conduct of the accused. *DeLeon v. State*, 77 S.W.3d 300, 312 (Tex. App.–Austin 2001, pet. ref'd) (citing *Hernandez v. State*, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991); *Dues v. State*, 634 S.W.2d 304, 306 (Tex. Crim. App. 1982)). Here, A.V. provided precise, direct testimony as to three occasions on which Vasquez forced her to pull down her shorts and underwear, and put his "middle part" in her "middle part." Accordingly, the jury could have reasonably inferred that Vasquez knowingly or intentionally caused the penetration of A.V.'s sexual organ on those occasions. *See* TEX. PENAL CODE ANN. §§ 6.03(a), (b), 22.021(a)(1)(B)(i), (a)(2)(B).

Viewing the evidence in the light most favorable to the verdict, we conclude that a rational jury could have found beyond a reasonable doubt the essential elements of aggravated sexual assault, including Vasquez's state of mind. *See Sanders*, 119 S.W.3d at 820. Accordingly, the evidence was legally sufficient to support Vasquez's conviction.

Vasquez further asserts that the evidence produced at trial was factually insufficient to support his conviction, pointing to (1) the "medical evidence [showing] that [A.V.'s] injuries were recent" as of October 2005, and (2) the testimony of Garcia that A.V. and her mother were not living with Vasquez as of that time. Vasquez claims that this "conflicting evidence greatly outweighs any evidence to support a conviction." We disagree. McLaughlin's testimony established that the injuries "could have been a week old" but that the injury also "could be four weeks [or] two years old." Moreover, even if the jury were to have believed Garcia's testimony that A.V. and her mother were not living with Vasquez at the time of the assault allegations, this would not serve to outweigh the more relevant direct testimony provided by A.V. of the assaults themselves.

Viewing the evidence in a neutral light, we conclude that the jury's verdict is not clearly wrong, manifestly unjust, or against the great weight and preponderance of the evidence. *See Watson*, 204 S.W.3d at 414-15. Accordingly, the evidence was factually sufficient to support Vasquez's conviction. Issue one is overruled.

7

## B.    Probation Instruction

By his second issue, Vasquez contends that the trial court's failure to include a probation instruction in the jury charge was reversible error.  We disagree.  Vasquez's trial counsel did not request such an instruction to be included in the charge.  Moreover, after the jury charge was submitted and considered, when the trial court asked both defense counsel and attorney for the State if they had any objections to the charge, defense counsel replied, "No objections."  Accordingly, Vasquez has not preserved this issue for our review.  *See* TEX. R. APP. P. 33.1 (requiring a timely objection in order to preserve error); *see also Vasquez v. State*, No. 13-05-531-CR, 2008 Tex. App. LEXIS 2952, at *8 (Tex. App.–Corpus Christi Apr. 24, 2008, pet. ref'd) (mem. op., not designated for publication).

Further, the record does not contains a pre-trial sworn motion filed by Vasquez indicating that he had not been previously convicted of a felony, which would have been required for Vasquez to be eligible for jury-recommended community supervision.  *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 4(e) (Vernon Supp. 2008).

We conclude that the trial court did not err by failing to include a probation instruction in the jury charge.  Vasquez's second issue is overruled.

## C.    Past Behavior Evidence

By his third issue, Vasquez contends that the trial court erred by denying admission of evidence regarding A.V.'s "prior false statements and prior sexual advances toward men," claiming that this decision hindered his ability to present a "promiscuity defense."

The following exchange occurred during cross-examination of A.V.:

| | |
|---|---|
| Q. [Vasquez's attorney] | Now, with regards to these allegations, let me ask you first was this the first time you've ever accused somebody – |
| [State's attorney]: | Objection, Your Honor.  Can't get into that.  We have a motion in limine. |
| [Vasquez's attorney]: | Well, you want to approach? |

8

| [State's attorney]: | Yes. |

*(The following discussion was had at the bench.)*

| [Vasquez's attorney]: | Why is it – why would you object? |
| The Court: | 'Cause she has a motion in limine. It's a motion in limine against that. |
| [Vasquez's attorney]: | About what? |
| The Court: | About any prior – |
| [State's attorney]: | – any prior accusations. |
| [Vasquez's attorney]: | Well, this is . . . Okay. |

A trial court's decision to admit or exclude evidence is reviewed under an abuse of discretion standard. *Oprean v. State*, 201 S.W.3d 724, 726 (Tex. Crim. App. 2007). We will uphold the trial court's judgment unless the decision lies outside the "zone of reasonable disagreement." *Id.*

The State contends that Vasquez failed to preserve this issue for review because the record does not contain a bill of exception which demonstrates to this Court the evidence that Vasquez sought to present to the jury. We agree. To preserve a complaint that the trial court erroneously excluded evidence, the complaining party must bring forward a record indicating the nature of the evidence. *See* TEX. R. APP. P. 33.1, 33.2; TEX. R. EVID. 103(a)(2). If the excluded evidence is not apparent from the context of the record, it must be brought forward either through a timely offer of proof or a formal bill of exception. *Reyna v. State*, 168 S.W.3d 173, 176 (Tex. Crim. App. 2005); *Guidry v. State*, 9 S.W.3d 133, 153 (Tex. Crim. App. 1999).

Here, the record reflects that the trial court rendered an order on the State's motion in limine, granting the State's request that no mention be made at trial of, among other things, "[a]llegations of sexual abuse by the complainant against others that have not been substantiated," or "[e]vidence of sexual promiscuity." Beyond this, however, the record in this case does not indicate what the excluded testimony would have been. Absent a

9

showing of what such testimony would have been, or an offer of a statement concerning what the excluded evidence would show, nothing is presented for our review. *See Guidry*, 9 S.W.3d at 153; *McAfee v. State*, 204 S.W.3d 868, 873 (Tex. App.–Corpus Christi 2006, pet. ref'd). Accordingly, we overrule Vasquez's third issue.

## D.    Cruel and Unusual Punishment

By his fourth issue, Vasquez contends that his punishment of two years' imprisonment in case number B-01-2091-0-CR-B violated his right to be free of cruel and unusual punishment. *See* U.S. CONST. amend. VIII. The State argues that Vasquez failed to preserve this issue for review because no objection was made with the trial court. We note, however, that the record before us contains no notice of appeal filed in trial court cause number B-01-2091-0-CR-B.[2] Accordingly, we have no jurisdiction to consider the constitutionality of the sentence imposed in that case. *See* TEX. R. APP. P. 25.2(b) ("In a criminal case, appeal is perfected by timely filing a sufficient notice of appeal."). Vasquez's fourth issue is overruled.

## III. CONCLUSION

Having overruled Vasquez's four issues, we affirm the judgment of the trial court.


_____
DORI CONTRERAS GARZA,
Justice


Do not publish.
TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 26th day of February, 2009.

_____

[2] We note additionally that the record before us does not indicate the conditions surrounding Vasquez's 2001 conviction for tampering with governmental records. Even if Vasquez had filed a notice of appeal in trial court cause number B-01-2091-0-CR-B, we would not be able to pass judgment on the propriety of Vasquez's punishment of two years' imprisonment without such a record. *See* TEX. PENAL CODE ANN. § 37.10 (Vernon Supp. 2008) (providing that the crime of tampering with governmental records is, depending on various conditions, either a Class C misdemeanor, Class B misdemeanor, Class A misdemeanor, state jail felony, third-degree felony, or second-degree felony).

10