**F I L E D**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

3/24/15

**DORIAN E. RAMIREZ, CLERK**
**BY** DTello

ACCEPTED
13-14-00537-CR
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
3/24/2015 2:50:29 PM
DORIAN RAMIREZ
CLERK

## NO. 13-14-00537-CR

## IN THE
## THIRTEENTH COURT OF APPEALS
## OF TEXAS

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS

3/24/2015 2:50:29 PM

DORIAN E. RAMIREZ
Clerk

### ALLEN RAY INCE,
### Appellant

### VS.

### THE STATE OF TEXAS,
### Appellee

---

## APPEAL OF CAUSE NO. A-12-5022-CR FROM THE
## DISTRICT COURT OF ARANSAS COUNTY, TEXAS

---

## FIRST AMENDED BRIEF OF APPELLANT

---

**JOEL H. THOMAS**
**Attorney At Law**
**State Bar No. 00797547**
**P.O. Box 1141**
**Sinton, Texas 78387**
**(361) 364-5525**
**(361) 364-5625 (Fax)**
**Attorney for Appellant**

INDEX

**Page**

INDEX ...........................................…………… 2

LIST OF ALL PARTIES ............................……. 3

LIST OF AUTHORITIES .........................…….. 4

STATEMENT OF THE CASE .................................... 5

STATEMENT OF FACTS ...................................... 6

SUMMARY OF THE ARGUMENT ............................ 7

POINT OF ERROR NO. 1
ARGUMENT AND AUTHORITIES ............................ 7

POINT OF ERROR NO. 2
ARGUMENT AND AUTHORITIES ............................ 12

PRAYER FOR RELIEF ..............................……. 13

CERTIFICATE OF COMPLIANCE …………………. 13

CERTIFICATE OF SERVICE ..................................... 14

## LIST OF NAMES OF ALL PARTIES

Pursuant to Rule 38.1 (a) of the Texas Rules of Appellate Procedure, a complete list of the names of all parties to this appeal is as follows:

ALLEN RAY INCE                                                      Appellant
TDCJ# 01954192
Clarence N. Stevenson Unit
1525 FM 766,
Cuero, TX 77954


THE STATE OF TEXAS                                                 Appellee
Honorable Mike Welborn
District Attorney
Aransas County
Sinton, Texas 78387


## LIST OF NAMES OF ATTORNEYS FOR ALL PARTIES

JOEL H. THOMAS                                          Attorney for Appellant
Post Office Box 1141                                    ALLEN RAY INCE
Sinton, Texas 78387


Mike Welborn                                            Attorney for Appellee
District Attorney                                       THE STATE OF TEXAS
District Attorney
Aransas County
Sinton, Texas 78387

# LIST OF AUTHORITIES

Cases:                                                                    Page

***Jackson v. Virginia***, 443 U.S. 307, 319 (1979)                      7

***Escamilla v. State***, 143 S.W.3d 814, 817
(Tex. Crim. App. 2004)                                                    7

***Malik v. State***, 953 S.W.2d 234, 240 Tex. Crim. App. 1997)          7

***Adi v. State***, 94 S.W.3d 124, 131 (Tex. App.
Corpus Christi 2002, pet. ref'd)                                          7

***Kitchens v. State***, 823 S.W.2d 256, 258
(Tex. Crim. App. 1991) (en banc)                                         8

***Dues v. State***, 634 S.W.2d 304, 305 (Tex.Cr.App.1982)              8

***Womble v. State***, 618 S.W.2d 59, 64 (Tex.Cr.App.1981)             8

***Cordova v. State***, 698 S.W.2d 107, 112 (Tex.Cr.App.1985),
cert. denied, 476 U.S. 1101, 106 S.Ct. 1942,
90 L.Ed.2d 352 (1986)                                                    8

***Saxton v. State***, 804 S.W.2d 910, 913 (Tex.Cr.App.1991)           10

***Watson v. State***, 204 S.W.3d 404, 414-15
(Tex. Crim. App. 2006)                                                   11

***Santellan v. State***, 939 S.W.2d 155, 164
(Tex. Crim. App. 1997) (en banc)                                         11

TEX. CODE CRIM. PROC. ANN. ART. 37.07, 1(a)                              8
TEX. PEN. CODE ANN. §22.02(a)(2)                                         8
TEX.PEN.CODE ANN. § 9.31(a)                                              8
TEX.PEN.CODE ANN. § 9.01(3)                                              9
TEX. PEN.CODE § 9.32(a)(1), (2)(A)                                       9

## NO. 13-14-00537-CR

## IN THE
## THIRTEENTH COURT OF APPEALS
## OF TEXAS

---

**ALLEN RAY INCE,**
**Appellant**

**VS.**

**THE STATE OF TEXAS,**
**Appellee**

---

## BRIEF OF APPELLANT

TO THE HONORABLE COURT OF APPEALS, THIRTEENTH SUPREME JUDICIAL DISTRICT OF TEXAS:

Now comes ALLEN RAY INCE, hereinafter referred to as Appellant, and submits this brief pursuant to the provisions of Article 44.02 of the Code of Criminal Procedure and the provisions of Rule 9 and Rule 38 of the Texas Rules of Appellate Procedure in support of his appeal in Cause No. A-12-5022-CR from the District Court of Aransas County.

## STATEMENT OF THE CASE

Appellant was charged by indictment with the offense of Aggravated Assault, by causing serious bodily injury to Artavias Edwards by cutting him

with a deadly weapon, a knife. Following a jury trial, Appellant was found guilty. Appellant was assessed a sentence of fifteen (15) years incarceration by the Honorable Starr Bauer, Judge of the 36th District Court. Appellant timely filed his notice of appeal.

**STATEMENT OF FACTS**

The State relied on the testimony of the victim, Artavias Edwards, three eye witnesses, Virginia Gonzales, Aurora Gonzales, and Ofelia Martinez; and Police Officers Mario Gracia and Steven Reyes. Appellant testified on his own behalf.

Appellant was sitting in a laundromat in Rockport, Texas, when Edwards and the Gonzales' girls arrived. The girls were the daughters of a woman Edwards was dating at the time. Ofelia Martinez was also in the laundromat when Edwards and the girls arrived. The testimony of each witness differed on the specifics of what happened next, but it appears from the testimony that Appellant spoke with Virginia Gonzales, which Edwards disagreed with, and Edwards "invited" Appellant to step outside the laundromat to settle the issue. The testimony again differs on what happened outside the laundromat, but Appellant had a knife and during a brief fight with Edwards, cut Edwards three times, with one injury being a serious wound to Edwards' chest/abdomen. Appellant testified that Edwards

6

threatened to kill him with a gun he had in his car, which was parked immediately outside of the laundromat, in the general area where the fight took place. Appellant testified he believed Edwards had a gun, and was doing what he could to keep Edwards away from the car because Appellant believed that Edwards did in fact have a gun, and would in fact shoot him. The jury was instructed on self-defense, but convicted Appellant for the indicted offense of Aggravated Assault.

## SUMMARY OF THE ARGUMENT

Appellant argues that the evidence at trial was legally and factually insufficient to support the jury's determination of his guilt, based upon Appellant's reasonable belief that the victim in this case was armed and had threatened to kill Appellant. Appellant reasonably acted in self-defense.

## POINT OF ERROR NO. 1

THE EVIDENCE AT TRIAL IS LEGALLY INSUFFICIENT TO SUPPORT THE JUDGMENT OF GUILTY

## ARGUMENT AND AUTHORITIES

A legal sufficiency challenge requires the Appellate Court to review the relevant evidence in the light most favorable to the verdict to determine

whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Escamilla v. State*, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004). The sufficiency of the evidence is measured against the elements of the offense as defined by a hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); *Adi v. State*, 94 S.W.3d 124, 131 (Tex. App. Corpus Christi 2002, pet. ref'd). The conviction will be upheld if the evidence is sufficient to support a finding of guilt under any one of the theories submitted. **TEX. CODE CRIM. PROC. ANN. ART. 37.07, ' 1(a)** (verdict must be general); *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991) (en banc).

A person commits aggravated assault if the person intentionally or knowingly threatens another with imminent bodily injury, and uses or exhibits a deadly weapon during the commission of the assault. **TEX.PEN.CODE ANN. § 22.02(A)(2).**

In regards to self-defense, a person is justified in using force against another person "when and to the degree" that the person "reasonably believes the force is immediately necessary" for protection against that other person's use or attempted use of unlawful force. **TEX.PEN.CODE ANN. § 9.31(a).** Intent can be inferred from acts, words, and conduct of the accused.

*Dues v. State*, 634 S.W.2d 304, 305 (Tex.Cr.App.1982). The accused's intent may also be ascertained from the methods used and the wounds inflicted, *Womble v. State*, 618 S.W.2d 59, 64 (Tex.Cr.App.1981), as well as from circumstances surrounding the use of a weapon. *Cordova v. State*, 698 S.W.2d 107, 112 (Tex.Cr.App.1985), cert. denied, 476 U.S. 1101, 106 S.Ct. 1942, 90 L.Ed.2d 352 (1986). The Penal Code justification for self-defense focuses on the existence of some necessity, the circumstances under which the force was used, the degree of force used, and the type of conduct against which the force was used. The amount of force used must be in proportion to the force encountered. Special rules govern the use of deadly force in self-defense. Deadly force means force that is intended or known by the actor to cause death or serious bodily injury, or force that is capable of causing death or serious bodily injury in the manner of its use or intended use. **TEX.PEN.CODE ANN. § 9.01(3)**.

Penal Code Section 9.31(a) justifies the use of force "when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force." Section 9.32 justifies the use of deadly force "if the actor would be justified in using force against the other under Section 9.31; and when and to the degree the actor reasonably believes the deadly force is immediately

9

necessary to protect the actor against the *other's* use or attempted use of unlawful deadly force." **TEX. PEN.CODE § 9.32(a)(1), (2)(A).** Section 9.01 defines "deadly force" as "force that is intended or known by the actor to cause, or in the manner of its use or intended use is capable of causing, death or serious bodily injury." **PEN.CODE § 9.01(3).**

The defendant has the initial burden of producing some evidence to justify submission of a self-defense instruction. The State must then persuade the jury beyond a reasonable doubt that the defendant did not act in self-defense. *Saxton v. State*, 804 S.W.2d 910, 913 (Tex.Cr.App.1991). Although the State has the burden of persuasion, it does not have the burden of producing evidence to affirmatively refute self-defense. **Id.**

Appellant testified that he was attacked by Edwards as soon as he walked out of the laundromat, and that Edwards told him he had a gun and would kill Appellant with it. No gun was found, but police officers did search Edwards' vehicle when Appellant told the officers of Edwards' threat. Appellant testified that he used his knife to try and keep Edwards away from the vehicle so that Edwards could not get to the gun. Edwards' injuries were consistent with Appellant's testimony; wounds on Edwards chest following Edwards' lunge at Appellant, and cuts to Edwards' arms following Edwards' attempted strikes at Appellant. Appellant testified when

Edwards lunged at him, Appellant pointed the knife at him, and Edwards ran into the blade. Appellant testified that he continued to waive the knife back and forth in front of him to hold Edwards at by, and that Edwards got cut when he attempted to hit Appellant. The witnesses testified that Edwards was running around in the street next to the laundromat, but never fled the scene, continuing to try and get back to the vehicle that Appellant was guarding. The State argued that Edwards could not leave the girls there with Appellant, but one of the girls testified she tried to take the knife away from Appellant, but he completely ignored her and continued to focus on preventing Edwards from retrieving a gun from the car. Additionally, none of Edwards' injuries were located on his back, where Appellant would have had to stab him if Appellant was pursuing Edwards as he ran away from Appellant. Based on Edwards' actions, a reasonable person could believe that Appellant used deadly force against Edwards because Appellant believed it was immediately necessary to protect himself from Edwards' attempted use of deadly force against him, which is what the law requires to raise the issue of self-defense.

# POINT OF ERROR NO. 2

## THE EVIDENCE AT TRIAL IS FACTUALLY INSUFFICIENT TO SUPPORT THE JUDGMENT OF GUILTY

## ARGUMENT AND AUTHORITIES

In a factual sufficiency review, the Court reviews the evidence in a neutral light to determine whether the evidence is so weak that the jury's verdict seems clearly wrong and manifestly unjust. ***Watson v. State***, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006). After considering all of the evidence in the record related to appellant's sufficiency challenge, the Court compares the evidence weighed by the jury that tends to prove the elemental fact in dispute with the evidence that tends to disprove it. ***Santellan v. State***, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997) (en banc). The Court will not reverse the jury's verdict unless it can say with some objective basis in the record that the great weight and preponderance of the evidence contradicts the verdict. ***Watson***, 204 S.W.3d at 415.

Relying on the same argument from above, the evidence produced at trial does not support the jury's finding of guilt beyond a reasonable doubt.

## PRAYER FOR RELIEF

For the reason herein alleged, Appellant prays that this Court overturn the judgment against him and that the judgment be reformed to show an acquittal. Appellant further prays that he be immediately discharged from any further confinement under said judgment.

Respectfully submitted,

/s/ Joel H. Thomas
JOEL H. THOMAS
Attorney At Law
State Bar No. 00797547
408 West Market Street
Post Office Box 1141
Sinton, Texas 78387
(361) 364-5525
(361) 364-5625 Fax
Attorney for Appellant

## CERTIFICATE OF COMPLIANCE

Pursuant to TEX. R. APP. P. 9.4(i)(3), undersigned counsel certifies that this brief complies with the type-volume limitations of 5TH CIR. R. 32.2.7(b).

1.     This brief contains 2254 words printed in a proportionally spaced typeface.

2.    This brief is printed in a proportionally spaced, serif typeface using Times New Roman 14 point font in text and Times New Roman 12 point font in footnotes produced by Microsoft Word software.

3.    Upon request, undersigned counsel will provide an electronic version of this brief and/or a copy of the word printout to the Court.

/s/ Joel H. Thomas
Joel H. Thomas

**CERTIFICATE OF SERVICE**

I certify that a copy of this Amended Brief of Appellant has been delivered to the District Attorney of Aransas County, Texas, the Honorable Mike Welborn, Sinton, Texas, on the 24th day of March, 2015.

/s/ Joel H. Thomas
JOEL H. THOMAS